597 P.2d 180

In the Matter of a Member of the State Bar of Arizona, Allen A. HAGGARD, Respondent.

No. SB–155.

Supreme Court of Arizona, In Banc.

May 31, 1979.

Rehearing Denied July 10, 1979.

Lawrence D. Mattice, Phoenix, for State Bar Counsel.

Allen A. Haggard, in pro. per.

CAMERON, Chief Justice.

Respondent, Allen A. Haggard, pursuant to Rule 36(d), Rules of the Supreme Court, 17A A.R.S., objects to the recommendation of the Disciplinary Board of the State Bar of Arizona that he be suspended from the practice of law for a total of nine months.

We must answer only one question: Does the evidence in Administrative Matter 74–4–51 justify the punishment recommended by the State Bar Disciplinary Board? In answering this question, we are mindful that in disciplinary proceedings, while the findings and recommendations of the local administrative committee and the bar disciplinary board are not binding upon this court, the burden nevertheless is upon the one objecting to the findings and recommendations of the board to show that they are not supported by the evidence or that they are erroneous or unlawful. *Matter of Lurie*, 113 Ariz. 95, 546 P.2d 1126 (1976); *Rock v. State Bar of California*, 57 Cal.2d 639, 21 Cal.Rptr. 572, 371 P.2d 308, 96 A.L.R.2d 818 (1962).

The facts necessary for a determination of this matter are as follows. Between March 1974 and August 1976, nine complaints concerning the professional conduct of the respondent Allen A. Haggard were referred to Local Administrative Committee 51. After preliminary investigations, formal complaints were filed in seven of the nine matters. Hearings were held and the local administrative committee found against the respondent in four of the matters and recommended a three month suspension in three of them. The three, three month suspensions were to run concurrent-ly. The Disciplinary Board of the State Bar of Arizona agreed with the findings of the committee as to the misconduct of the respondent, but recommended the imposition of a six month suspension in Administrative Matter 74–4–51, said six month suspension to be consecutive with the two three month suspensions imposed in the other two matters. Respondent timely objected. He appeared and was heard by the board which declined to change its previous recommendations. Respondent raises no objections in this court as to the three month suspensions, and we consider only the facts presented in Complaint No. 74–4–51, the matter in which the six month suspension was recommended.

The necessary facts in Complaint No. 74–4–51 are as follows. Clients hired the respondent to represent them in an adoption matter. The juvenile court, on 25 September 1973, ordered the respondent to prepare a formal order providing for temporary custody of the child in question. As of 31 July 1974, the respondent had failed to file such order. Also on 25 September 1973, the respondent was directed to pursue the certification of his clients and to file a petition to adopt. The clients were certified on 24 January 1974, but as of 31 July 1974 respondent still had not filed a petition to adopt.

During this time the clients telephoned the respondent on numerous occasions seeking an explanation as to the cause of the delay. In May 1974 and July 1974, the respondent told his clients that hearings were set on the petition to adopt when, in fact, no petition had ever been filed by the respondent. At one point, when asked about the delay, the respondent told his clients that the judges were all on vacation and no hearings could be held. The clients called the juvenile judge and as a result the juvenile judge brought the matter to the attention of the State Bar Disciplinary Board. It is apparent that the respondent misled the clients as to the status of the adoption and was trying to shift the onus for his delay on the court.

Further delays in the adoption matter occurred until June of 1975 when the court continued the matter because the known father had not given his consent to the adoption nor had severance proceedings been commenced. The respondent testified before the local administrative committee that he first learned of the existence of the natural father at the time of the June 1975 hearing. The committee found this testimony of the respondent not true, as the notation in the file of the social worker of 21 September 1973 stated:

> "talked w/ Attn. Haggard this date—the n.m's consent is in order (2 witnesses etc) however, no mention of any father. Child's B.C. shows a father—Mr. Haggard stated that he would look in to the matter & either obtain a new consent or file a severance."

In addition, even though the reason for the continuance of the 24 June 1975 hearing was because it was discovered that there was a known father, the respondent, nevertheless, on 8 July 1975, began publishing the petition to adopt which stated that "the natural father was unknown."

The committee found that the respondent, as to Complaint No. 74–4–51, (1) handled the matter without adequate preparation, (2) neglected the matter entrusted to him, and (3)

> "* * * engaged in conduct involving misrepresentation in that he testified to the Committee that he was not aware of the existence of a known father of the child until June of 1975 although there is clear and convincing evidence that he knew of the father in September 1973; that he published the Petition and prepared the Formal Order of Adoption stating that there was no known natural father when he knew there was a known natural father; and in that he gave testimony that was designed to mislead the Committee."

The complaint charged that the respondent violated Disciplinary Rules 1–102(A)(4) and 6–101(A)(2), (3) in the handling of an adoption matter. The rules read:

"(A) A lawyer shall not:

> \*　\*　\*　\*　\*　\*

> (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." DR 1–102(A)(4), Rule 29(a), Rules of the Supreme Court, 17A A.R.S.

And:

"(A) A lawyer shall not:

> \*　\*　\*　\*　\*　\*

> (2) Handle a legal matter without preparation adequate in the circumstances.
>
> (3) Neglect a legal matter entrusted to him." DR 6–101(A)(2), (3), Rule 29(a), Rules of the Supreme Court, 17A A.R.S.

There is no question that if the facts warrant, the disciplinary board may impose a greater punishment than that imposed by the local administrative committee. Rule 36(c), (d), Rules of the Supreme Court, 17A A.R.S.; *In Matter of Stewart*, 121 Ariz. 243, 589 P.2d 886, filed January 11, 1979. The committee and the board may take into consideration the respondent's lack of candor, not only to his clients, but to the committee and the board when his conduct is called into question. In the instant case, the disciplinary board could, and evidently did, take into consideration not only respondent's misrepresentation to his clients, but respondent's lack of candor before the committee and the board.

We believe that the evidence indicates that respondent not only was unprepared and did neglect the matters entrusted to him, but also misrepresented his actions to the clients, the Local Disciplinary Committee and the State Bar Disciplinary Board. In mitigation it is noted that the major contributing factors to respondent's delays were his acquiring of a practice of another attorney as the result of which he had over 400 open files, half of which he was not familiar with, and his lack of experience, having only recently been admitted to the bar. This does not, however, excuse

his lack of candor when his conduct was questioned by the committee and the board.

We believe the imposition of a six month suspension in Administrative Matter 74-4-51 was justified, and we adopt the Board's recommendation.

Ordered suspending respondent for three months in Administrative Matters 75-1-51 and 75-11-51, said suspensions to be concurrent and six months in Administrative Matter 74-4-51, said suspension to be consecutive to the three month suspensions in Administrative Matters 75-1-51 and 75-11-51.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.