694 P.2d 195

**In the Matter of a Member of the State Bar of Arizona Robert Jeffrey BLANKENBURG, Respondent.**

**No. SB–312.**

Supreme Court of Arizona,
In Banc.

Dec. 21, 1984.

Martha McConnell Bush, Phoenix, State Bar Counsel.

Robert Jeffrey Blankenburg, pro se.

CAMERON, Justice.

The Disciplinary Board of the State Bar of Arizona recommends to this court the disbarment of the respondent, R. Jeffrey

Blankenburg. We have jurisdiction pursuant to Rules 27 and 37, Rules of the Arizona Supreme Court, 17A A.R.S.

On 7 May 1984 a Local Administrative Committee of the State Bar of Arizona considered various acts of alleged misconduct by respondent. At that time the respondent had been suspended from the practice of law for nonpayment of dues and had not filed an application for reinstatement. Respondent was not present at the hearing but sent a handwritten response to the Formal Complaint to the Committee Chairman. The Committee reviewed five counts of misconduct and made the following findings of fact:

In Count I, the Committee found that respondent had been hired on 25 May 1982 to obtain a dissolution. The client paid a retainer of $250. Respondent prepared the necessary papers; however, they contained inaccuracies which respondent promised to correct. These errors were never rectified nor were the papers ever filed despite the client's persistent efforts to get respondent to do so. In the fall of 1982 respondent left his practice and moved out of the State of Arizona without notifying the client or turning over his legal file to him. The client filed a Petition to Arbitrate in order to get respondent to return the retainer fee. Respondent filed no response to the petition. The client was subsequently awarded $250 on 30 March 1983. This award was not paid until 3 April 1984.

In Count II, the Committee found that in January of 1982 respondent was hired by a Michigan resident to obtain a dissolution of marriage from her husband, an Arizona resident. The client traveled to Arizona and spent approximately one month here during February and March of 1982, accumulating evidence and assisting in the preparation of her case. After she returned to Michigan she heard nothing from respondent. Her phone calls were not returned and three registered letters sent by her were returned unclaimed. Respondent neither advised her that he was leaving his practice nor did he turn over her legal file to her. Trial for dissolution was set for 10

February 1983. Because the client was indigent and unable to obtain counsel, the court appointed an attorney to represent her. The new attorney's representation was hindered, however, by lack of access to the information contained in the unreturned file.

The Committee did not find sufficient evidence, in Count III, of any ethical violations. Because we agree with the Committee, we need not detail the facts of Count III.

In Count IV, the Committee found that respondent was hired in February of 1982 to incorporate a business. Respondent informed the client that the incorporation was complete and the client paid $175 on 18 February. Based on respondent's representations, the client conducted business and held himself out as a consultant employed by a corporation. In 1983, the client found out that the business had never been incorporated. He filed a complaint with the State Bar. Fourteen months later, on 3 April 1984, respondent refunded the money.

In Count V, the Committee found that respondent abandoned his law office and left the State of Arizona in the fall of 1982. He neither notified his colleagues, clients or the State Bar of his intent to leave nor made arrangements for the safekeeping, disposal or distribution of his files. In December of 1982 the State Bar contacted respondent and asked him to attend properly to these files. Despite his assertions that he would do so, respondent never took any action to return these files. On 14 November 1983 the State Bar retrieved these files.

On the basis of these findings, the Committee found: one violation of DR 1–102(A)(4), engaging in dishonest conduct; four violations of both 1–102(A)(5), engaging in conduct prejudicial to the administration of justice, and 1–102(A)(6), engaging in conduct adversely reflecting on one's fitness to practice; one violation of both 2–110(A)(2), withdrawing from employment without taking reasonable steps to avoid prejudicing his client, and 2–110(A)(3), re-

quiring a refund be made upon withdrawal; four violations of 6–101(A)(3), neglecting a legal matter; four violations of 7–101(A)(1), (2) and (3), failure to represent a client zealously; one violation of 7–102(A)(5), knowingly making a false statement while representing a client; one violation of 9–102(A)(2), improperly preserving the identity of funds and property of a client. The Committee also found that this conduct came within Rule 29(b)(6), Rules of the Arizona Supreme Court, 17A A.R.S., failure to refund fees and expenses within thirty days after written demand, and (b)(9), any act or omission indicating mental or moral unfitness to continue the practice of law.

The Committee recommended that respondent be disbarred. Respondent was notified of this recommendation. He did not, however, file any objections or request a hearing. On 8 September 1984, the Disciplinary Board voted to accept and affirm the Local Administrative Committee's Findings of Fact, Conclusions of Law and Recommendation of Disbarment.

 In reviewing disciplinary matters, this Court makes an independent determination of the facts. *In re Dwight,* 117 Ariz. 407, 408, 573 P.2d 481, 482 (1977). The Committee's findings of fact are not binding on this court. We will, however, give considerable weight to those findings, especially where they are not contested by the respondent. *See In re Haggard,* 123 Ariz. 27, 28, 597 P.2d 180, 181 (1979). In the instant case, respondent has not filed any objections to either the findings of fact or the recommended disciplinary action with this court. We adopt the findings and recommendations of the Local Administrative Committee and the recommendation of the State Bar Disciplinary Board that the respondent be disbarred.

 As we have previously stated, "the purpose of discipline is to protect the public, the profession and the administration of justice, * * *, and to deter other lawyers from improper conduct." *In re Wines,* 135 Ariz. 203, 208, 660 P.2d 454, 459 (1983) (citation omitted). Here respondent acted in a manner which opened his clients to potential harm. His lack of diligence amounted to intentional neglect and willful failure to protect his clients. *See McMorris v. State Bar of California,* 35 Cal.3d 77, 196 Cal.Rptr. 841, 672 P.2d 431 (1983), cert. denied, —— U.S. ——, 104 S.Ct. 2170, 80 L.Ed.2d 553 (1984). His failure to return documents hindered his clients' ability to receive adequate legal assistance. In addition, respondent failed to take those actions requested by the State Bar to return the legal files to his clients. *Cf. In re Haggard,* supra, 123 Ariz. at 29, 597 P.2d at 182. Respondent's past conduct, if repeated, would be damaging to future clients, a continuing embarrassment to the legal profession and a detriment to the administration of justice. Disbarment is appropriate.

We also note that respondent's conduct violated not only those sections of the Code of Professional Responsibility, Rule 29(a), Rules of the Arizona Supreme Court, 17A A.R.S., enumerated by the Committee, but corresponding sections of the Rules of Professional Conduct, Rule 42, Rules of the Arizona Supreme Court, 17A A.R.S. (effective 1 February 1985). Those sections, which are essentially similar in both language and number to the Model Rules of Professional Conduct adopted by the House of Delegates of the American Bar Association on 2 August 1983, are: ER 1.3, duty of diligence in representing a client; 1.4, keeping a client reasonably informed; 1.15, safekeeping property; 1.16(d), taking reasonable steps, upon withdrawal, to protect a client's interests; 3.2, reasonable efforts to expedite litigation; 4.1, truthfulness in statements to others; and 8.4, enumerating acts constituting professional misconduct.

Respondent is hereby disbarred. Costs in the amount of $2,607.40 are fixed pursuant to Rule 37(g), Rules of the Arizona Supreme Court, 17A A.R.S.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.