**The PEOPLE of the State of Colorado, Complainant,**

v.

**Robert E. BROOKS, Attorney–Respondent.**

**No. 87SA370.**

Supreme Court of Colorado, En Banc.

March 28, 1988.

Linda S. Donnelly, Disciplinary Prosecutor, Susan L. Fralick, Deputy Disciplinary Prosecutor, Denver, for complainant.

Robert E. Brooks, Denver, pro se.

VOLLACK, Justice.

In this disciplinary proceeding, a hearing panel of the Supreme Court Grievance Committee recommended that the respondent, Robert E. Brooks, be disbarred. The panel also recommended that Brooks be ordered to pay the costs of the proceedings in the amount of $211.38. The panel's recommendation was based on various incidents of professional misconduct by the defendant, including violation of disciplinary rules, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct which adversely reflects on his fitness to practice law, neglect of legal matters entrusted to him, and failure to carry out a contract of employment with his client in violation of DR 1–102(A)(1, 4, 6), DR 6–101(A)(3), and DR 7–101(A)(2) of the Code of Professional Responsibility, and Rule 241.6 of the Colorado Rules of Civil Procedure. We agree that disbarment is the appropriate sanction for the respondent's professional misconduct and direct that he be disbarred and that he be ordered to pay the costs of these proceedings.

I.

■ The respondent, Robert E. Brooks, was admitted to the bar of the Supreme Court of the State of Colorado in 1981 and is therefore subject to the jurisdiction of this Court and its Grievance Committee. The respondent did not file an answer to the complaint filed against him, and an order for default was entered in May 1987. There were no witnesses at the hearing before the hearing board, but complainants' numerous exhibits were received into evidence. The exhibits establish that the complaint was mailed, by both regular and

certified mail, to the respondent's office and home addresses. The certified mail was returned unclaimed; the regular mail was not returned. Notice of the default hearing was also sent by both certified and regular mail; the former was returned unclaimed and the latter was not returned.

The investigative reports admitted into evidence at the hearing establish that Brooks did not respond to the request for investigation or to investigative counsel's correspondence. The respondent's secretary indicated that mail received at the respondent's office was apparently removed by him or his sister from time to time. As a result of Brooks' failure to answer, the allegations of the four counts against him are deemed admitted.

## II.

■ The matters from which this disciplinary action originated involve the respondent's dealings with two of his clients, Jean S. Briery and Robert Corbin.

### A. Jean S. Briery

Briery retained Brooks in June 1985 to file suit on her behalf against Montgomery Wards. Brooks told Briery that her case would be heard in five months, in November 1985. As November approached, Briery repeatedly tried to communicate with Brooks but was unsuccessful. Finally, Brooks' secretary told Briery that Brooks was "involved with criminal cases which took priority," and that her case had been reset to March 1986.

In January 1986, Brooks hand delivered a bill to Briery for $42.00 in charges for a filing fee and service of process. Attached to the bill were copies of the following: a bill from an investigations company showing that a summons and complaint were to be filed in her case against Montgomery Wards, with service to be on the defendant or the defendant's agent; a copy of a Summons to Answer signed by Brooks on November 18, 1985; and a copy of the complaint signed by Brooks. Briery did not pay the bill.

Brooks requested that Briery come to his office for a conference to be held the day before the March 1986 hearing. Briery waited at the respondent's office for three hours, but the respondent did not appear or call. Repeated attempts to contact him by phone were unsuccessful. Brooks' secretary said she would call Briery to advise her of the new hearing date.

In June 1986, Brooks contacted Briery to tell her that a hearing was now set in October 1986. During the week preceding the hearing date, Briery again attempted to contact Brooks but he did not return her telephone calls. The day before the alleged trial date, Brooks' secretary told Briery that Brooks would contact her to tell her where the case was going to be held the next day. That evening, Brooks called Briery, told her that he had never set her case for hearing, and apologized for his lies to her regarding her case. Brooks had never obtained service of process on Montgomery Wards and had never filed the Summons and Complaint. At this point, Briery contacted another attorney; her new attorney wrote to Brooks immediately to request that he forward Briery's file to him. Briery's new attorney received no reply.[1]

The hearing panel concluded that Brooks' conduct as set out in Count I of the complaint, violated C.R.C.P. 241.6,[2] DR 1–

---

1. Investigative counsel's report indicated that Brooks gave Briery's file to her the day after she learned that he had never filed her case.

2. **Rule 241.6. Grounds for Discipline**

   Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

   (1) Any act or omission which violates the provisions of the Code of Professional Responsibility;
   (2) Any act or omission which violates accepted rules or standards of legal ethics;
   (3) Any act or omission which violates the highest standards of honesty, justice, or morality;
   (4) Any act or omission which constitutes gross negligence, if committed by a lawyer in his capacity as a lawyer;
   (5) Any act or omission which violates the criminal laws of this state or any other state,

102(A)(1, 4, 6),[3] DR 6–101(A)(3),[4] and DR 7–101(A)(2).[5]

Brooks was notified by the Grievance Committee of Briery's request to have him investigated. The following month, he was notified that his answer was overdue. Respondent failed to respond to the request for an investigation. The respondent's failure to respond to the Grievance Committee on Count II of the complaint is a violation of C.R.C.P. 241.6(7).

### B. Robert Corbin

In May 1982, the respondent represented his client, Robert Corbin, in an action against Sinclair Marketing, Inc. The complaint filed in Denver District Court was dismissed for failure to state a claim upon which relief can be granted. On appeal, the dismissal was affirmed by the Colorado Court of Appeals. For six months after the announcement of the court of appeals' decision, and for five months after the mandate issued from the court of appeals, Brooks told his client that there had been no decision by the appellate court regarding his case. Brooks' delay and misrepresentation in this matter effectively extinguished Corbin's right to seek further relief from the appellate and trial courts.

Corbin retained new counsel and filed a malpractice suit against Brooks in Arapahoe County District Court. An Order for Entry of Judgment by Default was granted. At a hearing, the district court found that Brooks had engaged in willful and fraudulent representation which caused damages to Corbin in an amount of more than $88,000, with interest. In Corbin's malpractice suit against him, Brooks failed to file an answer and failed to respond to the new attorney's communications and pleadings, including deposition notices and discovery requests. The new attorney was also unable to obtain information about Brooks' insurance carrier. It was determined that if the respondent has insurance, he has not notified his insurance carrier of the malpractice suit against him. Brooks has failed to communicate in any way with either Corbin or his new attorney.

The conduct set forth in Count III violates DR 1–102(A)(1, 4, 5, 6),[6] and DR 7–101(A)(1, 2, 3),[7] as well as C.R.C.P. 241.6.[8]

---

or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that acquittal in a criminal proceeding shall not necessarily bar disciplinary action;

(6) Any act or omission which violates these Rules or which violates an order of discipline or disability;

(7) Failure to respond to a request by the Committee without good cause shown or obstruction of the Committee or any part thereof in the performance of its duties. Good cause includes, but is not limited to, an assertion that a response would violate the respondent's constitutional privilege against self-incrimination.

This enumeration of acts and omissions constituting grounds for discipline is not exclusive, and other acts or omissions amounting to unprofessional conduct may constitute grounds for discipline.
7A C.R.S. (1987).

3. **DR 1–102 Misconduct.**

(A) A lawyer shall not:
(1) Violate a Disciplinary Rule.
....
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
....

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.
7A C.R.S. (1986).

4. **DR 6–101 Failing to Act Competently.**

(A) A lawyer shall not:
....
(3) Neglect a legal matter entrusted to him.
7A C.R.S. (1986).

5. **DR 7–101 Representing a Client Zealously.**

(A) A lawyer shall not intentionally:
....
(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105....
7A C.R.S. (1986).

6. **DR 1–102 Misconduct.**

(A) A lawyer shall not:
....
(5) Engage in conduct that is prejudicial to the administration of justice....
7A C.R.S. (1986).

7. **DR 7–101 Representing a Client Zealously.**

(A) A lawyer shall not intentionally:

In October 1986, respondent was notified by the Grievance Committee of Corbin's request for an investigation. A month later Brooks was notified that his answer was overdue; he failed to respond. This conduct, described in Count IV, is in violation of C.R.C.P. 241.6(7).[9]

## III.

The hearing board concluded that the respondent had violated the Code of Professional Responsibility and the rules discussed above. We agree. The events set forth in Counts I through IV, which are deemed admitted due to the respondent's failure to answer, establish the professional misconduct described. We also agree with the hearing board's recommendation of disbarment.

Section 4.41 of the *ABA Standards for Imposing Lawyer Sanctions* (1986) provides:

Disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

"A lawyer owes an obligation to his client to act with diligence in handling his clients' legal work." *People v. Kendrick*, 646 P.2d 337, 340 (Colo.1982). The respondent has handled his client's legal problems "with complete disregard of the rights and expectations of his clients." *Id.* Further, the conduct presented here did not arise from an isolated incident; there is "a marked pattern of professional misconduct." *Id.* Finally, we note the respondent's failure to respond to the complaints filed against him, and his failure to appear before or communicate with the Grievance Committee. This lack of cooperation is a significant consideration in determining the appropriate sanction. *See People v. Young*, 673 P.2d 1003, 1005 (Colo.1984). The number of ethical violations committed by the respondent fully support the Grievance Committee's recommendation of disbarment.

We order that the respondent, Robert E. Brooks, be disbarred and his name be stricken from the roll of lawyers authorized to practice before this court. The respondent is ordered to pay the costs of this proceeding in the amount of $211.38, within thirty days from the date of this order, to the Supreme Court Grievance Committee, 600 17th Street, Suite 500S, Denver, Colorado, 80202–5435.

---

(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105.

(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7–102(B). . . . 7A C.R.S. (1986).

8. *See supra* note 2.

9. *See supra* note 2.