762 P.2d 538

**In the Matter of a Member of the State Bar of Arizona Stephen M. ZANG, Respondent.**

**No. SB–87–0041–D.**

Supreme Court of Arizona, En Banc.

Aug. 30, 1988.

Order Oct. 20, 1988.

Stephen M. Zang, Payson, pro se.

Robert W. Doyle, Phoenix, for State Bar.

FELDMAN, Vice Chief Justice.

Respondent, Stephen M. Zang, was charged with violating the Code of Professional Responsibility[1] in two cases involving his representation of Robert and Janice Ball. The charges against Zang can be summarized as follows:

1. Respondent falsely claimed that State Farm Insurance Company had offered to settle one case or, if such an offer was made, respondent rejected the offer without first consulting his clients and receiving their permission. DR 1–102(A)(4), 7–101(A) and 7–102(A)(3).

2. Respondent lied to his clients by telling them he was an "experienced trial lawyer." DR 1–102(A)(4).

3. Respondent lied to his clients by telling them he had filed a legal action against State Farm when he had not done so. *Id.*

4. Respondent failed to communicate with his clients or respond to their requests for information and neglected both cases. DR 6–101(A)(3) and 7–101(A).

5. Respondent entered into an improper and excessive agreement calling for a fifty percent contingent fee. Further, he justified the fee by telling his clients it would compensate him for the alleged damage previously done to his reputation by State Farm. DR 2–106(A) and 5–103(A).

**1.** All conduct in question occurred prior to adoption of the Rules of Professional Conduct. Citations to the Disciplinary Rules (DRs) refer to the applicable sections of the Code of Professional Responsibility, Rule 29(a), Ariz.R.S.Ct.,

Although properly served, respondent failed to file responsive pleadings and did not appear before the Hearing Committee (the Committee) to which his case was assigned. While respondent submitted a general objection to the Committee's report, the objection failed to specify either the matters objected to or the grounds of objection. Respondent also failed to appear at the regularly scheduled hearing of the Disciplinary Commission (the Commission), which affirmed the Committee's findings, conclusions and recommendation of disbarment.

Respondent did file a notice of appeal from the proceedings before the Commission, thus bringing the matter before us. *See* Rule 53(e), Ariz.R.S.Ct., 17A A.R.S. However, respondent failed to file a brief or otherwise appear in this court. We then directed that this matter be submitted for decision.

█ It serves little purpose to go into the details of the charges against respondent. The Committee served respondent with a copy of the complaint charging violations of numerous disciplinary rules and provided the prescribed notice of the scheduled committee hearing on the matter. Zang failed to file a response to the complaint and did not attend the hearing. When a respondent who has been properly served and noticed fails to respond as required by the rules, we deem the allegations of the complaint admitted. Rule 53(c)(1), Ariz.R.S.Ct., 17A A.R.S.; *In re Hegstrom,* 153 Ariz. 286, 736 P.2d 370 (1987); *People v. Brooks,* 753 P.2d 208 (Colo.1988) (attorney who admitted violations of disciplinary rules by default). *See also People v. Richards,* 748 P.2d 341, 347 (Colo.1987) (under majority rule, procedural default in an attorney disciplinary case admits not only the well-pleaded facts but also the charges in the disciplinary complaint); *In re Roberts,* 257 Ga. 721, 363 S.E.2d 256 (1988) (attorney suspended from practice for violating ethical standards and

Appendix—Former Rules, 17A A.R.S. The Rules of Professional Conduct superseded the Code of Professional Responsibility on February 1, 1985.

failing to respond to the disciplinary proceedings).

. Because respondent did not appear, the Committee did not hold a formal evidentiary hearing. Notwithstanding the fact that under the rules respondent's failure to appear was an admission of the factual allegations of the complaint, the Committee received some "offers of proof" from bar counsel, considered the factual allegations themselves and concluded that numerous disciplinary rules had been violated. The Commission agreed.

█ We accept and approve their findings and conclusions. The allegations admitted by Zang's nonresponse established dishonesty with his clients, failure to communicate with his clients despite their diligent attempts to contact him, prejudicial neglect of his clients' affairs, arrangements for excessive fees and acquisition of an interest in litigation to serve his own interests. Each of these violations justifies imposition of a strong sanction. *See In re Wetzel,* 143 Ariz. 35, 691 P.2d 1063 (1984), *cert. denied,* 469 U.S. 1213, 105 S.Ct. 1184, 84 L.Ed.2d 331 (1985) (misrepresentations to client); *In re Blankenburg,* 143 Ariz. 365, 694 P.2d 195 (1984) (failure to communicate and neglect of client's affairs); *In re Swartz,* 141 Ariz. 266, 686 P.2d 1236 (1984) (excessive fee arrangements).

We agree also that disbarment is the proper sanction. Not only are the infractions in this case quite serious, but respondent's previous bar record indicates a chronic pattern of violations. *See In re Zang,* 154 Ariz. 134, 741 P.2d 267 (1987) (suspending respondent for one year), *cert. denied,* —— U.S. ——, 108 S.Ct. 1030, 98 L.Ed.2d 994 (1988). *See also In re Jones,* 534 A.2d 336 (D.C.Ct.App.1987) (failure to respond to legitimate inquiries of bar counsel also constitutes a violation of ethical standards).

We approve the Commission's report, which basically adopts the Committee's findings, conclusions and recommendation of disbarment. Respondent is ordered disbarred effective as of the date of the mandate in this case. Costs are assessed in the sum of $844.24.

GORDON, C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.

## ORDER

### (Mandate)

Pursuant to the Opinion of this Court dated the 30th day of August, 1988,

IT IS ORDERED that STEPHEN M. ZANG be and hereby is disbarred, from the practice of law in the State of Arizona effective the 20th day of October, 1988.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, STEPHEN M. ZANG shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that pursuant to Rule 53(e)(3), Rules of the Supreme Court of Arizona, STEPHEN M. ZANG be and hereby is assessed the costs incurred by the State Bar of Arizona in the amount of $844.24, to be paid to the State Bar of Arizona prior to reinstatement as a member in good standing of the State Bar of Arizona.