821 P.2d 159

**In the Matter of a Member of the State Bar of Arizona, Marc Roger GRANT, Respondent.**

**No. SB–91–0039–D.**

Supreme Court of Arizona,
En Banc.

Nov. 14, 1991.

Marc Roger Grant, pro se.

Yigael M. Cohen, Bar Counsel, Phoenix, for State Bar of Ariz.

## OPINION

FELDMAN, Vice Chief Justice.

On June 27, 1991, the Disciplinary Commission of the Supreme Court of Arizona (Commission) filed a report recommending that Marc Roger Grant (Respondent) be disbarred and ordered to pay restitution to his clients in the amount of $95,611.59 as well as the costs and expenses incurred by the State Bar of Arizona (State Bar) in this matter. We have jurisdiction pursuant to Rule 53(e), Ariz.R.Sup.Ct., 17A A.R.S. (hereinafter "Rule ——").

## FACTS AND PROCEDURAL HISTORY

On July 19, 1989, the State Bar filed a formal complaint with Hearing Committee 6H (Committee) against Respondent, charging him with eleven counts of violating the Arizona Rules of Professional Conduct.[1] Rule 42. Respondent was accused of numerous infractions involving, *inter alia:* failure to act with reasonable diligence and promptness and to provide competent representation; failure to communicate with clients; misrepresentation of facts and case status to clients; failure to account for or refund unused portions of retainers; failure to remit funds to client and to safekeep client's property; failure to respond to and disclose information requested by the State Bar in connection with a disciplinary action; failure to perform work for which he was hired and to turn client files over to successor attorney; failure to permit discovery requested by opposing party; and knowingly disobeying a court-ordered obligation.

Respondent was charged with violating the following rules: ER 1.1, ER 1.2 and 1.2(a), ER 1.3, ER 1.4 and 1.4(a), ER 3.3(a), ER 3.4(c) and (d), ER 4.1(a), ER 8.1(b), ER 8.4(b) and (c), ER 1.15(a), (b) and (c), and ER 1.16(d) of Rule 42; DR 9–102 of former Rule 29(a) (for conduct prior to February 1, 1985); and Rule 51(h) and (j).

Respondent failed to file a timely response to the State Bar's complaint. A notice of hearing was sent to Respondent, and the Committee held a hearing to substantiate the allegations in the complaint and to determine the amount of restitution. Respondent failed to appear at the hearing. The Committee filed a report with the Commission, and the Commission determined that Respondent had not been properly

---

1. This is not Respondent's first disciplinary proceeding. He was censured in 1987, informally reprimanded in 1983 and 1988, and placed on interim suspension in 1989—all for violations unrelated to those in the present complaint.

served notice of the hearing. Upon remand, the Committee served proper notice and held a second hearing. Respondent again neither appeared nor waived his right to appear, and the Committee filed another report with the Commission. The Commission adopted the Committee's recommendation that Respondent be disbarred and ordered to pay restitution.[2] Respondent did not file a notice of appeal with the Commission, so the matter was submitted to us for decision on the record filed by the Commission.

## DISCUSSION

In disciplinary proceedings, we act as an independent " 'trier of both fact and law.' " *In re Lincoln,* 165 Ariz. 233, 235, 798 P.2d 371, 373 (1990) (quoting *In re Neville,* 147 Ariz. 106, 108, 708 P.2d 1297, 1299 (1985)). Although we give great weight to the recommendations of the Committee and the Commission, we are ultimately "responsible for determining the appropriate sanction." *Id.* 165 Ariz. at 236, 798 P.2d at 374.

Respondent has not attempted to challenge the allegations against him at any stage of these disciplinary proceedings. He failed to respond to the complaint filed by the State Bar. Consequently, the allegations in the complaint were deemed admitted. Rule 53(c)(1); *see In re Zang,* 158 Ariz. 251, 762 P.2d 538 (1988) (applying Rule 53(c)(1)). In addition, by failing to object to the Committee's recommendation, Respondent has consented to the discipline imposed. Rule 53(e). Nevertheless, before we will impose discipline, "we must be persuaded by clear and convincing evidence that respondent committed the alleged violations." *Lincoln,* 165 Ariz. at 235, 798 P.2d at 373; Rule 54(c).

The record filed by the Commission indicates that Respondent has repeatedly flouted his ethical obligations. The count of the complaint concerning Respondent's mishandling of the affairs of Aetna Insurance Co. (Aetna) is representative of the charges and illustrates the nature of Respondent's

violations. Aetna hired Respondent in 1982 to handle a number of subrogation cases. In 1986, Respondent informed Aetna that he would complete the work on cases he had already undertaken, but that he would not accept any additional cases. Aetna requested that Respondent return the files in his possession because he had not diligently prosecuted them. Respondent returned the files, but did not give Aetna an accounting for his fees or remit funds he had collected on Aetna's behalf. In four cases, for example, he collected a total of $5,425.34, but he remitted only $417.66 to Aetna, in violation of their agreement, and failed to communicate with Aetna regarding the resolution of the cases. In other cases, Aetna's claims were barred because Respondent failed to comply with applicable statutes of limitations. In one $20,000 collection matter, Respondent filed a complaint after the statute of limitations had run, and Aetna was required to pay the other party $792 in attorneys' fees. In still other cases, Aetna's claims were dismissed when Respondent failed to appear for hearings and neglected to respond to motions made by the other party. Respondent then misrepresented to Aetna the reason the cases had been dismissed.

In sum, Respondent failed, *inter alia,* to communicate with Aetna, in violation of ER 1.4; failed to remit funds, in violation of ER 1.15; and misrepresented facts, in violation of ER 8.4.

Respondent's failure to cooperate with the State Bar investigation of his conduct was also a violation of the disciplinary rules. *See, e.g., In re MacAskill,* 163 Ariz. 354, 788 P.2d 87 (1990). When contacted by the State Bar regarding the charges ultimately contained in the formal complaint, Respondent failed to respond, in violation of ER 8.1(b). The Commission found, and we agree, that Respondent's lack of cooperation throughout these disciplinary proceedings is consistent with the unchallenged evidence of lack of diligence, failure to communicate, and incompetence.

2. The Commission adopted one finding of fact not found by the Committee: that on March 14, 1989, one of Respondent's clients—Aetna Insurance Co.—obtained a judgment against him in Maricopa County Superior Court for $91,654.24 in damages.

**500**

Given the gravity of Respondent's violations, his failure to acknowledge or cooperate in these proceedings, and his prior disciplinary record,[3] we have little difficulty in approving and adopting the Commission's findings and recommendations. The findings were supported by clear and convincing evidence. *In re Zang,* 166 Ariz. 426, 428, 803 P.2d 419, 421 (1990). The sanctions proposed by the Commission, based on the standards and aggravating and mitigating factors established by the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986), are consistent with what we have imposed in other comparable cases. *In re Nefstead,* 163 Ariz. 518, 521, 789 P.2d 385, 388 (1990).

## DISPOSITION

Respondent is disbarred. Pursuant to Rule 53(e)(3), Respondent shall pay $4,712.41 in costs and expenses to the State Bar of Arizona. In addition, we order Respondent to pay restitution to the victims of his misconduct in the following amounts: $100 to For Sure Transportation, Inc.; $600 to Anna Nerini; $350 to Richard Simpson; $2,907.35 to Mountain States Credit Corp.; and $91,654.24 to Aetna Insurance Co.

GORDON, C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.

**3.** *See ante* note 1. Rule 54(k)(4) provides that "[p]rior discipline imposed on respondent, with or without his consent, may be considered by

the committee, the commission and this court in recommending or imposing discipline."