694 P.2d 253

**In the Matter of a Member of the State Bar of Arizona Benito SALAZAR, Respondent.**

**No. SB–295.**

Supreme Court of Arizona, En Banc.

Jan. 18, 1985.

Robert F. Feland, State Bar Counsel, Phoenix.

Benito Salazar, Phoenix, pro se.

HAYS, Justice

Based on a variety of complaints, this disciplinary matter was referred to an administrative committee. Hearing was commenced on a six-count complaint on September 9, 1983. Thereafter, the hearing was recessed to September 27, 1983. Respondent was present at both of these hearings and represented himself. He cross-examined the witnesses called by bar counsel, gave both sworn and unsworn testimony, and argued the merits of the evidence presented.

The Administrative Committee dismissed count one of the complaint and, as to the remaining five counts, made the following

Findings of Fact, Conclusions of Law and Recommendation.

## "COUNT TWO

### "FINDINGS OF FACT

"1. Respondent undertook representation of two clients, Arthur and Howard.

"2. During representation of his client, Arthur, Respondent obtained a preferential scheduling before Judge Patterson to accommodate his own schedule.

"3. Respondent failed to appear at the time designated for hearing in the Arthur matter, without legitimate excuse.

"4. At the time Respondent was to appear in the Arthur matter Judge Patterson's Court personnel determined that Respondent was physically present in his own office.

"5. Judge Patterson's Court personnel requested Respondent's presence in Court immediately, however, when Respondent appeared he was loud, abusive and disrepectful [sic] to the Court.

"6. The abuse and disrespect to the Court occurred both in Chambers and in the outer office in the presence of others.

"7. Respondent had previously failed to appear before Judge Patterson in another client's business, the Howard matter, and had been counseled and admonished by the Judge not to fail to appear at a designated time.

"8. Respondent's conduct was such that Judge Patterson ordered a hearing against Respondent to show cause why Respondent should not be cited for contempt for failure to appear in the Howard matter before his non-appearance in the Arthur matter.

### "CONCLUSIONS OF LAW

"The Committee finds a violation of:
DR 6–101(A)(3)
DR 7–106(C)(6)
Rule 29(a)2 [sic] (following DR 9–102)

## "COUNT THREE

### "FINDINGS OF FACT

"1. Respondent agreed to represent a party, Mr. Sanchez, in a personal injury and property damage case.

"2. Subsequently Respondent obtained settlement proceeds of $5,100.00.

"3. Respondent gave Sanchez $790.00, retained $300.00 as a fee, and the balance of $4,010.00 was to be used to pay off a lien on the damaged vehicle.

"4. Respondent without his client's knowledge, consent or approval, expended the $4,010.00 for his own personal benefit.

"5. Respondent failed to use any trust account to maintain adequate segration [sic] of the $4,010.00.

"6. Respondent failed to adequately pursue the interests of the client regarding the lien claim.

"7. Although Respondent had a checking account labeled as a 'trust account', the records were inadequate to allow review and available records indicated Respondent used this account for non-trust account purposes including payment of personal obligations, business obligations and withdrawals for which no records were kept.

"8. The labeling of a checking account as Respondent's 'trust account' had no bearing on the use of the funds contained in such account as a trust account.

"9. Respondent failed to promptly pay his client the funds held for him after repeated requests by the client.

"10. Respondent failed to pay the money due his client for a period of approximately three years after the money had been received on behalf of the client by Respondent, and Respondent failed to apply the funds toward the lien claim.

"11. Respondent only paid the money due his client after the client had complained to the State Bar.

"12. Respondent failed to repay to his client, the funds for a period of approximately two years after Respondent's last

activity in an attempt to protect his client's interests had taken place. [sic]

"CONCLUSIONS OF LAW

"The Committee finds a violation of:
DR 1–102(A)(4)
DR 1–102(A)(6)
DR 1–102(A)(3)
DR 9–102(B)(9) [sic]
DR 6–101(3) [sic]

"COUNT FOUR

"FINDING OF FACT

"1. Respondent was a defendant in a fee arbitration proceeding brought by his former client, Johnson, attempting to obtain from Respondent repayment of alleged excessive fees.

"2. The arbitration hearing resulted in an award to the client against Respondent for repayment of $750.00.

"3. The arbitration award of $750.00 was confirmed by the Hon. Judge Perry in December of 1980.

"4. As a result of Respondent's refusal to pay such award, and Respondent's failure to comply with proper requests for discovery, an Order to Show Cause was issued by Judge Perry resulting in a Minute Entry of 9–25–81, indicating that:

'Respondent wilfully, intentionally and contemptously refused to comply with the orders of this court and has likewise failed and refused to respond to proper requests for discovery.'

Such finding and the other findings set forth therein by Judge Perry are supported as a Finding of Fact by this Committee.

"5. By Court order entered on October 30, 1981, Respondent was found in contempt for failure to purge the contempt by payment of the award and the Court ordered incarceration of Respondent unless this award was paid as provided therein.

"6. Thereafter, Respondent paid the arbitration award in October of 1981.

"7. Respondent chose to totally disregard his Court ordered legal and ethical obligations, which conduct displayed his patent disregard of his duties as an officer of the Court and his oath as a licensed lawyer.

"CONCLUSIONS OF LAW

"The Committee finds a violation of:
DR 1–102(A)(5)
DR 7–196(C)(6) [sic]

"COUNT FIVE

"FINDINGS OF FACT

"1. Respondent agreed to represent his client, Fernandez, in a dissolution proceeding.

"2. Fernandez was scheduled for deposition and Respondent notified opposing counsel that his client could not appear because he was out of town.

"3. Respondent failed to appear with or without his client at the time of his client's deposition and failed to seek a protective order or otherwise protect his client's interests in such litigation.

"4. Respondent failed to file any response to a Motion for Sanctions from his opponent and failed to appear at oral argument on the Motion (March 3, 1982).

"5. The Court, by Minute Entry of March 3, 1982, in ruling upon the opponent's Motion for Sanctions, found that Respondent's office indicated that the oral argument was on his calendar, that Respondent never advised the Court of the reason for his non-appearance and that Respondent never provided the Court with any justification for Respondent's client's non-appearance at his scheduled deposition.

"6. The Court specifically noted in its Minute Entry of March 3, 1982 that Respondent was admonished for not timely appearing at Court hearings and warned him of a possible future contempt citation for such conduct.

"7. Subsequently a Motion for Dismissal was filed by the opposition, and the court on April 23, 1982, noting no responsive memorandum having been filed, granted

the Motion and awarded a $900.00 Judgment against Respondent's client.

## "CONCLUSIONS OF LAW

"The Committee finds a violation of:
DR 6–101(A)(3)
DR 1–102(A)(6)(5)
DR 7–101(A)(1), (3)

## "COUNT SIX

### "FINDINGS OF FACT

"1. Respondent entered into a representation agreement with client Leffers, indicating that the fee agreement may have been hourly, or may have been contingent, but in any event he was unable to explain the essential terms of the agreement, the extent of the agreement, or the amount of the fees received or to be received from the client pursuant to such agreement.

"2. Respondent on behalf of his client brought a misrepresentation cause of action against the sellers of real property to his client (hereinafter referred to as 'Meyers and Main suit').

"3. Respondent failed to appear for depositions in the "Meyers and Main suit.".

"4. Respondent failed to appear at oral argument on Motion for Sanctions in such suit.

"5. Respondent failed to keep his client adequately informed of the progress in such suit.

"6. Respondent charged his client for the cost of taking depositions which he never actually took.

"7. The 'Meyers and Main suit' was filed in June of 1979, and between that date and the date of the granting of Summary Judgment against his clients (June of 1982) Respondent took or failed to take the following actions:

He filed interrogatories consisting of 32 questions;

Filed no Request for Admissions;

Took no depositions (although he charged his client for the cost of taking the depositions of defendants);

Contacted a Mr. Martindale who Respondent believed could be a pivotal witness and yet failed to attend Mr. Martindale's deposition when it was taken by the opposition;

Failed to maintain an alternate claim of relief based upon rescission or breach of contract;

Failed to communicate settlement offers to the client; and,

Filed a Motion for Sanctions for failure of defendants to appear at a scheduled deposition, but failed to show up at the hearing on the Motion for Sanctions, and also failed to respond or oppose the Motion for Sanctions.

"8. Respondent was informed by Minute Entry in June 1982, that Summary Judgment was granted against his client.

"9. The formal Judgment was entered on July 27, 1982 against his client which Judgment contained an award of attorneys' fees against his client despite the fact that there was no legal basis for such an award of attorneys' fees in a case of this type.

"10. Respondent failed to oppose an award of attorneys' fees or otherwise object to the form of Judgment.

"11. Respondent having had a telephone conversation with client in late July or early August of 1982, to discuss other legal matters pertaining to a different matter, failed to inform his client of the adverse Judgment including an award of attorneys' fees and failed to inform his client of her right to appeal and the time within which to perfect the appeal.

"12. Respondent also failed to inform his client of the Judgment against her or her right to appeal during an office conference in either late July or early August, 1982, during the time in which an appeal could have been timely filed.

"13. Respondent admitted that at the time of the telephone conversation with his client and the time of the office conference with his client he knew that the Judgment had been rendered against his client, by [sic] Respondent decided not to inform his

client about that because she was of poor disposition.

"14. After the time within which to perfect the appeal had run, Respondent filed a Motion to Extend Time for Appeal, knowing that there was no legal support for such a Motion, and he avowed to the Court that the reason the Motion was filed was because he was unable to contact his client and did not know her current whereabouts.

"15. Respondent further admitted that it was his intent in filing such a Motion to Extend Time for Appeal to indicate to the Court that he had not had any contact with his client for a considerable period of time, when in direct contradiction to that avowal to the Court, Respondent testified at the hearing in this matter that he had talked to his client on at least two occasions during the time for which an appeal could have been timely filed.

"16. In January, 1983, Ms. Leffers, the client, first found out about the adverse Judgment, which was about six months after it had been entered against her.

"17. Respondent, during the course of his representation of his client, borrowed from her the sum of $200.00 as a loan, promising to repay her within several weeks, and has failed to repay her to date.

"18. Ms. Leffers, after discovering the result of the 'Meyers and Main Judgment' against her, filed a malpractice action against Respondent.

"19. In said malpractice action, Respondent filed his Affidavit dated June 17, 1983, stating *inter alia*, as follows:

'That Plaintiff [Leffers] was informed of the entry of Judgment against her and the right to appeal therefrom but elected not to appeal.

That no money was solicited by him from Plaintiff as a personal loan, and that any and all monies received were received in consideration for services performed and/or used to off-set the costs of said action ...'

"20. Respondent admitted during the hearing herein that the statements in his Affidavit of June 17, 1983, that he had

timely informed Ms. Leffers of the adverse judgment, her right to appeal, and her election not to appeal, were all false.

"21. Respondent also admitted that he had aided in preparation of his Affidavit, that he knew it was going to be relied upon by the trier of fact in the malpractice suit, and that he had intended such reliance thereon.

"22. As a result of Respondent's failure to object to the July 27, 1982 Judgment, which contained an award of attorneys' fees in the 'Meyers and Main' litigation, Respondent's client was subjected to an additional liability of $6,100.00 for attorneys' fees in favor of the adverse party.

## "CONCLUSIONS OF LAW

"The Committee finds a violation of:
DR 1–102(A)(3), (4), (5), (6)
DR 2–106(A)
DR 6–101(A)(3)
DR 7–101(A)(1), (2), (3)
DR 7–102(A)(2), (5), (8)

## "RECOMMENDATION

"It is the Committee's recommendation that Respondent be disbarred from the practice of law immediately."

On December 10, 1983 a hearing was held by the Disciplinary Board with the respondent present and representing himself. After that hearing the Board voted unanimously to accept and affirm the Administrative Committee's Findings of Fact, Conclusions of Law and Recommendation. The recommendation was disbarment.

The matter was filed with the Supreme Court pursuant to 17A A.R.S. Sup.Ct. Rules, Rule 36(d). Thereafter, briefs were filed and oral argument was had with the respondent representing himself.

Being well aware that this court is the ultimate trier of fact in disciplinary proceedings, *In re Wines*, 135 Ariz. 203, 660 P.2d 454 (1983), we have read the transcripts of the hearings and studied the briefs. We have considered the defenses asserted by respondent and find them to be

evasive excuses which in many parts admit the validity of the charges. It is our conclusion that there is clear and convincing evidence to support the charges of the complaint. *In re Moore,* 110 Ariz. 312, 518 P.2d 562 (1974).

It would serve no useful purpose to recite in detail the various points made in the Findings of Fact and Conclusions of Law of the Administrative Committee and affirmed by the Disciplinary Board. Suffice it to say that the actions of respondent—being loud, abusive, and disrespectful to a superior court judge in the presence of others; commingling and making use of the funds of a client and failing for almost two years to render an accounting of the same; and failing to keep a client informed as to the progress of a lawsuit even after an unresisted judgment for attorney's fees was entered against the client—are an appropriate basis for disbarment.

As the Committee's Conclusions of Law indicate, the violations of the Disciplinary Rules run the gamut of prohibited conduct.

It is ordered that respondent be and he is hereby disbarred as of the date of the mandate which shall be issued forthwith. All clients shall be notified forthwith pursuant to 17A A.R.S. Sup.Ct.Rules, Rule 37(h).

Further ordered that costs in the amount of $4,181.40 are assessed against respondent pursuant to 17A A.R.S. Sup.Ct. Rules, Rule 37(g).

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.