708 P.2d 1295

**In the Matter of a Member of the State Bar of Arizona, Howard Lee EVERIDGE, Respondent.**

**No. SB–336.**

Supreme Court of Arizona, En Banc.

Sept. 19, 1985.

Jeffrey R. Parker, Phoenix, for State Bar.

FELDMAN, Justice.

On May 10, 1985 the Disciplinary Commission of the Supreme Court of Arizona unanimously approved the Findings & Conclusions of Local Administrative Committee 5S. Both Board and Committee recommended that we disbar respondent Everidge based upon his violations of the Arizona Code of Professional Responsibility, Rules of the S.Ct., 29(a), 17A A.R.S. The matter was filed in this court pursuant to Rule 36(d), *Id.* Respondent was given proper notice, but has failed to appear either personally or through counsel at any stage of these proceedings.

Respondent had been admitted to practice in New Mexico and was admitted in Arizona in 1981. He was suspended from practice in Arizona for non-payment of dues in 1983. He is no longer a resident of Arizona and has not left a forwarding address with the State Bar. This disciplinary action is based on numerous specific acts of misconduct charged in six counts. The Commission found the following violations:

1. Respondent took $200 from a Mr. & Mrs. Aldrich to represent them in an uncontested divorce action. He deposited the money in his personal account. He never filed the divorce complaint or returned the money. He later demanded $45 more despite an earlier representation that $200 would cover all costs. He subsequently abandoned the representation without notice to his clients. The Committee found that respondent violated DR 1–102(A)(1), (4), and (6); DR 2–110(A)(2) and (3); DR 6–101(A)(3); DR 7–101(A)(1) and (2); DR 9–102(A) and (B)(3) and (4).

2. Respondent was disciplined by the New Mexico Supreme Court in 1983 for converting a client's funds through false pretenses and misrepresentation. The court found that he violated DR 1–102(A)(4), 2–110(A) and (B), 5–101(A), 5–103(A), 5–104(A) and 9–102(B)(3) and (4). This finding is entitled to full faith and credit and has *res judicata* effect. *In re Van Bever*, 55 Ariz. 368, 101 P.2d 790 (1940).

3. In his application for admission to the Arizona Bar, respondent disclosed four complaints against him in New Mexico. At a hearing before the Committee on Character and Fitness, respondent failed to disclose the New Mexico complaint described in the preceding paragraph. The Committee found that this conduct violated DR 1–101(A) and DR 1–102(A)(1) and (A)(6).

4. In 1982, respondent was retained to represent Dorothy Pivacek and her son-in-law, Charles Berliner, in a claim involving a hit-and-run accident which resulted in the death of Pivacek's son. He was paid a $300 retainer. Respondent subsequently borrowed $2,300 from Mr. Berliner with no security provided and no statement that his clients should obtain independent counsel. He later borrowed another $2,500 from Mrs. Pivacek. In 1983, claiming his mother needed heart surgery, respondent again borrowed $5,000 from Mrs. Pivacek. This money was paid to respondent from the estate of Pivacek's deceased son.

Later, without his clients' consent, respondent settled the wrongful death action for $80,000. Respondent's one-third contingency fee allowed him a full fee of $26,-666.66. He told his clients that he was entitled to round it off to the nearest $1,000 and took $27,000. At that time, and after demand from the clients, respondent refused to repay his loans. He subsequently abandoned his representation of the clients and, despite demand from them, refused to return original life insurance policies that had been entrusted to him. Mrs. Pivacek and Mr. Berliner later learned that respondent had never contacted the insurance company to demand payment on the decedent's policies. Respondent untruthfully claimed that he had accrued $10,-000 in fees trying to collect on the policies and therefore could offset the loans.

New counsel secured judgment against respondent on the loans; the judgment has not been repaid. The trial court found false pretenses, fraud and breach of fiduciary duties by respondent. The Committee found that his conduct violated DR 1–102(A)(1), (4) and (6); DR 2–106(A); 2–110(A)(2); DR 5–101(A); DR 5–104(A); DR 6–101(A)(3); DR 7–101(A)(1), (2) and (3); DR 7–102(A)(8); DR 9–102(B)(4).

5. Respondent was retained to file a forcible entry and detainer action against a tenant. His personal check was used to pay filing fees and twice was returned to the clerk's office marked insufficient funds. The action was successfully tried, but respondent never prepared a written form of judgment. Respondent later withdrew as counsel without permission of the court and abandoned his client, whose relief was suspended pending proof of payment of the original filing fee. The Committee found that respondent's conduct violated DR 1–102(A)(1), (3), (4), (5) and (6). DR 2–110(A)(1) and (2); DR 6–101(A)(2) and (3); DR 7–101(A)(1), (2) and (3); DR 7–102(A)(8).

6. Respondent was retained to represent a Mr. Wamble in defense of an action for collection on an assigned account. Neither party appeared at trial but Wamble prevailed. Respondent told his client there would be no appeal but an appeal was later filed and respondent failed, after receipt of notice of this appeal, to file any response or even to tell his client of the existence of the appeal. He abandoned representation without notice to either his client or the court. The appeal was successful, resulting in a judgment against Mr. Wamble. Wamble's attempts to vacate the judgment after he retained new counsel were unsuccessful. Mr. Wamble has since paid the judgment against him. Respondent's conduct violated DR 1–102(A)(1), (4) and (6); DR 2–110(A)(1) and (2); DR 6–101(A)(2) and (3); DR 7–101(A)(1), (2) and (3); DR 7–102(A)(8).

We have reviewed the record and agree with the Findings & Conclusions of the Local Administrative Committee and the recommendations of the Bar Disciplinary Board. Costs in the amount of $2,578.04 are assessed against respondent pursuant to Rule 37(g), Rules S.Ct. 17A A.R.S. The respondent Howard Lee Everidge is disbarred. If it has not done so already, the State Bar is requested to contact the appro-

priate law enforcement agencies and ask that they consider such criminal prosecution as is warranted by the evidence.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.