736 P.2d 370

**In the Matter of a Member of the State Bar of Arizona Gregory L. HEGSTROM, Respondent.**

**No. SB 86–0038–D.**

Supreme Court of Arizona,
In Banc.

May 7, 1987.

---

Gregory Lee Hegstrom, Campbell, Cal., pro se.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo by Mark S. Sifferman, Phoenix, for State Bar Counsel.

CAMERON, Justice.

The Disciplinary Commission of the Supreme Court of Arizona has recommended that respondent, Gregory L. Hegstrom, be disbarred. We have jurisdiction pursuant to Rule 53(e), Rules of the Supreme Court, 17A A.R.S.[1]

In 1975, respondent was admitted in Texas to the practice of law and later was admitted in Arizona. He practiced in Riveria, Mohave County. He has been charged with three counts of unethical conduct, which we will discuss individually.

### COUNT I

In May of 1982, respondent was retained by Mary Ann Finn to pursue an action in fraud. A $750 retainer fee was paid and respondent promised to account monthly.

1. This matter is governed substantively by the Code of Professional Responsibility, effective 1 Nov. 1970, and procedurally by the Rules of the Supreme Court, Part V, Rule 53, adopted by this court, in 1984.

A complaint was filed in the Mohave County Superior Court on behalf of Ms. Finn in August of 1982. An answer and counter-claim were filed in September of 1982, but respondent never informed Ms. Finn of the counter-claim. Furthermore, respondent failed to provide Ms. Finn with a copy of the reply to the counter-claim, which he filed on Ms. Finn's behalf.

After numerous phone calls and letters from Ms. Finn, respondent stated that he would further litigate the action but failed to do so. Respondent then moved to California without informing Ms. Finn. After being contacted by Ms. Finn, respondent promised a full explanation of the status of the case and an accounting of his fee and retainer. Respondent has failed to communicate with Ms. Finn in any way. The Mohave County Superior Court dismissed Ms. Finn's claim for lack of prosecution. Ms. Finn was unaware of this disposition of her action until so informed by bar counsel in this matter.

## COUNT II

Respondent was retained by Hal Clonts in an attempt to obtain a modification of Mr. Clonts' divorce decree. This attempt was unsuccessful and attorney's fees were assessed against Mr. Clonts. Mr. Clonts was not informed by respondent of the amount of attorney's fees. Mr. Clonts learned the amount of the fees when his bank account was garnished. Mr. Clonts requested the files and was informed by respondent that they would be sent to him shortly. The files never have been received by Mr. Clonts.

## COUNT III

Respondent represented a criminal defendant in an appeal to the Arizona Court of Appeals. He obtained two thirty-day extensions to file an opening brief for his client but failed to file an opening brief on the date set by the court. The court of appeals entered an order directing respondent to appear on 8 February 1984, to show cause why he should not be held in contempt for failure to comply with the court's prior orders. Respondent, through an agent, received notice of the order to show cause and the date set for hearing. Respondent failed to appear at the show cause hearing and the court of appeals removed respondent as attorney for the appellant.

## SUSPENSION

In addition to these three counts, respondent was suspended by the Arizona Supreme Court on 25 June 1985 for non-payment of membership dues. He remains suspended for non-payment of dues at the present time.

## VIOLATION OF THE CODE OF PROFESSIONAL RESPONSIBILITY

Throughout the disciplinary proceedings, respondent has never filed a response and has never appeared in any proceedings, although he has had adequate notice of all hearings. Rule 53(c)(1) of the Rules of the Supreme Court states, "In the event respondent fails to answer within the prescribed time, the complaint shall be deemed admitted." Nevertheless, the local administrative committee and the bar disciplinary commission found by clear and convincing evidence that respondent had violated Rule 29(a), Rules of Supreme Court, and particularly, some nine disciplinary rules (DR's). We agree with these findings but believe that we need consider only three violations of the DR's, the applicable portions of which are:

**DR 6–101. Failing to Act Competently**

  A. A lawyer shall not:

    \*   \*   \*   \*   \*   \*

  3) Neglect a legal matter entrusted to him.

    \*   \*   \*   \*   \*   \*

### DR 7–101. Representing a Client Zealously

  A. A lawyer shall not intentionally:

    \*   \*   \*   \*   \*   \*

  2) Fail to carry out a contract of employment entered into with a client for professional services, but he may with-

draw as permitted under DR–2–110, DR–5–102, and DR–5–105.

\* \* \* \* \* \*

### DR 2–110. Withdrawal from Employment

A. In general.

\* \* \* \* \* \*

2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice of his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

Admittedly, as noted in the brief of bar counsel, "every lawyer in private practice has, on at least one day, not immediately returned a phone call to a client, or has put off until tomorrow performing some task for a client." Lawyers realize the pressure of an everyday practice and typically understand and forgive such conduct. Respondent's behavior does not fit this described conduct. Respondent's behavior constituted extreme, unjustifiable and prejudicial neglect. He intentionally failed to live up to the contract of employment he entered into with Finn and Clonts; and he failed to represent a criminal defendant on appeal. He then abandoned his clients without notice and to their prejudice. We find that respondent violated these three disciplinary rules.

## SANCTIONS

The Standards for Imposing Lawyer Sanctions approved in February 1986 by the House of Delegates of the American Bar Association provide:

### 4.0 Violations of Duties Owed to Clients

\* \* \* \* \* \*

#### 4.4 Lack of Diligence

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to act with reasonable diligence and promptness in representing a client:

4.41 Disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA Standards for Imposing Lawyer Sanctions, Standard 4.0, 4.4 (1986). The commentary to Standard 4.4 notes

Lack of diligence can take a variety of forms. Some lawyers simply abandon their practices, leaving clients completely unaware that they have no legal representation and often leaving clients without any legal remedy. Other lawyers knowingly fail to perform services for a client, or engage in a pattern of misconduct, demonstrating by their behavior that they either cannot or will not conform to the required ethical standards.

We believe that disbarment is appropriate in this situation. The duties a lawyer owes to a client arise out of the basic relationship between a lawyer and the client. A lawyer is not required to take a client, but once the lawyer does take on the representation of a client, then the Ethical Rules of Conduct, in whatever form adopted by the state's highest court, become a part of the lawyer's contract with his client. A breach of the lawyer's contract with his client can be, as here, a violation of the lawyer's ethical responsibilities. We agree with the local administrative committee and the bar disciplinary commission that the respondent should be disbarred.

The respondent, therefore, is disbarred from the practice of law in Arizona and assessed costs in the amount of $1,278.25.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN, J., concur.

NOTE: Justice JAMES MOELLER did not participate in the determination of this matter.