789 P.2d 385

**In the Matter of a Member of the State Bar of Arizona, L. Christopher NEF-STEAD, Respondent.**

**No. SB–88–0057–D.**

Supreme Court of Arizona.

March 28, 1990.

Fred R. Esser, Sedona, for respondent.

State Bar of Arizona by Harriet L. Turney, Chief Counsel, Phoenix, and Kaign N. Christy, Bar Counsel, Sedona.

## OPINION

MOELLER, Justice.

### JURISDICTION

This disciplinary proceeding arises out of respondent's conduct in connection with his representation of the Verde Valley Senior Citizens Club. The Hearing Committee recommended a suspension of twelve months. The Disciplinary Commission recommended disbarment and payment of restitution. Respondent filed a notice of objection to the Commission's report. We have jurisdiction pursuant to Rule 53(e), Rules of the Supreme Court, 17A A.R.S.

### ISSUES

We must decide:

1. Whether the findings of misconduct are supported by clear and convincing evidence.

2. What discipline is appropriate if the Commission's findings are sustained.

### FACTS

In 1982, the Verde Valley Senior Citizens Club (Club) retained respondent to bring a suit against the Verde Valley Senior Citizens Association for an accounting to recover property. Respondent filed the suit and conducted some discovery. The suit was subsequently dismissed at the request of the Club.

The Club paid respondent fees of $700 on February 25, 1982, $1,500 on September 2, 1983, $750 on December 27, 1983, and $750 on January 20, 1984. On January 4, 1984, respondent furnished an accounting which showed he had received $1,500, of which $213 remained unearned or unexpended.

On November 12, 1984, on December 8, 1984 and again on April 25, 1985, the Club requested that respondent account for fees and return the records provided by the Club. He responded to these requests with reports on the status of the case but did not provide an accounting or return the records. Consequently, members of the Club visited respondent's office and found he was no longer there. Some Club members then went to respondent's home where he told them he had turned over the Club's records to attorney Ernesto R. Castro. Respondent later explained to the Committee that he had become disenchanted with the practice of law and had enlisted Castro to take over his practice. Castro, however, denied receiving the records or any of the fees the Club had paid to respondent. To this date, no records have ever been returned to the Club.

On October 26, 1987, the state bar filed a formal complaint against respondent, charging him with unethical conduct arising out of his representation of the Club. The complaint alleged that respondent:

(1) failed to keep the Club reasonably informed about the status of the lawsuit and promptly comply with reasonable requests for information from his client concerning the status of the client's case and an account of fees incurred, violating E.R. 1.4;

(2) failed to surrender papers and property to which his client was entitled upon termination of his representation, violating E.R. 1.16(d) and E.R. 1.3;

(3) failed to maintain complete records of all funds of the Club coming into his possession and failed to render appropriate accounts, violating Rule 44(b)(3), Arizona Rules of the Supreme Court; and

(4) was previously sanctioned for violations of the Rules of Professional Conduct.

Respondent failed to answer the complaint which was therefore deemed admitted pursuant to Rule 53(c)(1), Rules of the Supreme Court, 17A A.R.S. Based on the record before it and on the evidence presented at the mitigation/aggravation hearing, the Committee recommended that respondent be suspended from the practice of law for a minimum period of twelve months. Following oral arguments, the Commission adopted the Committee's findings of fact, but recommended disbarment and restitution.

## DISCUSSION

■ In reviewing disciplinary matters, this court acts as an independent trier of facts and law. *In re Arrick*, 161 Ariz. 16, 22, 775 P.2d 1080, 1086 (1989); *In re Murray*, 159 Ariz. 280, 281, 767 P.2d 1, 2 (1988). We do, however, give deference and serious consideration to the findings of the Committee and Commission. *In re Blankenburg*, 143 Ariz. 365, 367, 694 P.2d 195, 197 (1984); *see also In re Spear*, 160 Ariz. 545, 774 P.2d 1335 (1989). Before we impose discipline, we must be persuaded by clear and convincing evidence that respondent committed professional misconduct. *In re Pappas*, 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988).

■ In the instant case, respondent's failure to file an answer to the State Bar's complaint constitutes an admission of the allegations against him. Furthermore, after reading the transcripts of the hearings and studying the briefs, we conclude that clear and convincing evidence exists to support the charges in the complaint.

■ We impose discipline not to punish the respondent, but rather to protect the public, the profession and the administration of justice. *Pappas*, 159 Ariz. at 526, 768 P.2d at 1171; *see also* American Bar Association, *Standards for Imposing Lawyer Sanctions*, § 1.1 (1986) [hereinafter *Standards*].

■ The three-member committee recommended a minimum twelve-month suspension. Five of the eight members of the Commission recommended disbarment. This court has the ultimate responsibility for deciding appropriate discipline. *In re*

*Neville,* 147 Ariz. 106, 115, 708 P.2d 1297, 1306 (1985). In situations where the recommended sanctions differ, we consult the *Standards* to assist in our determination. *Arrick,* 161 Ariz. at 22, 775 P.2d at 1086. Accordingly, we examine: (a) the duty violated; (b) the respondent's mental state; (c) the injury to the client; and (d) any aggravating or mitigating factors. *Standards,* § 3.0; *Spear,* 160 Ariz. at 555, 774 P.2d at 1345.

■ We agree with the Committee's and Commission's findings that respondent's misconduct involves a failure to act with reasonable diligence and promptness in representing the Club. *Standard* 4.41 recommends disbarment when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
>
> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
>
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

The commentary to *Standard* 4.41 states that disbarment is warranted where a lawyer abandons his practice or knowingly fails to perform services for a client. Given the findings that respondent failed to keep his client reasonably informed of the status of the case, account for fees incurred or return his client's papers and property, we hold that *Standard* 4.41 applies here.

Further, we apply *Standard* 4.11, which recommends disbarment when a lawyer knowingly converts client property and causes injury or potential injury to a client. Respondent failed to remit the Club's trust funds when he discontinued the active practice of law. The *Standards'* commentary advises that "in these types of cases, where the lawyer's lack of integrity is clear, only the most compelling mitigating circumstances should justify a lesser sanction than disbarment." *Standard* 4.11, comment.

We also consider aggravating and mitigating factors. Among the factors considered in aggravation are prior disciplinary offenses. *Standards,* § 9.22(a). The Committee and Commission found that respondent was the subject of four prior disciplinary actions, demonstrating a pattern of dilatory and neglectful conduct. The respondent was censured on June 6, 1986, and received informal reprimands on March 3, 1986, July 11, 1983 and May 9, 1983. We give particular weight to the 1983 reprimands because they were issued prior to his conduct in this case and provided ample notice to him that his conduct was unacceptable.

Mitigating factors to be weighed may include consideration of personal or emotional problems, where appropriate. *Standards,* § 9.32(c). At the mitigation/aggravation hearing, respondent testified:

> I invested in a thermal field in New Mexico; a little manufacturing plant down in Las Cruces; I had part of a heavyweight fighter in Phoenix; I had a restaurant in Sedona. I wanted anything but practicing law.
>
> Maybe you could call it a classic midlife crisis. I don't know. I just wasn't happy doing what I was doing. I just didn't like it. I wanted out. And I was trying to generate income to be able to get into other areas.
>
> They all fell apart within 30 days of each other. The restaurant and the manufacturing plant and the boxer.

(R.T. 4/14/88, at 65–66).

Admittedly, as noted by respondent in his deposition, there is "[n]o rule in this state or elsewhere that says you can't quit (practicing law)." But respondent's method of quitting the practice in this case constituted extreme, unjustifiable and prejudicial neglect. He failed to provide an accounting to his client or to return his client's documents. He abandoned his client without notice and to his client's prejudice. His conduct cannot be excused by his personal financial problems. Respondent, if left unchecked, could injure future clients, embarrass the legal profession, and deter the administration of justice.[1] *See In re Hegstrom,* 153 Ariz. 286, 288, 736 P.2d

---

1. We note, for example, that in 1986 respondent was censured for neglecting to see that service

370, 372 (1987); *Blankenburg*, 143 Ariz. at 367, 694 P.2d at 197. To permit a lawyer with respondent's present and past record to continue to practice law and represent clients is abhorrent to the basic standards of the legal profession. Considering the American Bar Association's recommended sanctions as applied to the facts of this case, we find disbarment appropriate.

Respondent argues, however, that disbarment is too harsh in comparison with discipline imposed in other cases involving acts similar to those committed here. As we have previously stated, "the discipline in each situation must be tailored for the individual case; neither perfection nor absolute uniformity can be achieved." *In re Wines*, 135 Ariz. 203, 207, 660 P.2d 454, 458 (1983).

We are satisfied that disbarring respondent is proportional to other sanctions imposed in similar disciplinary matters. *See, e.g., In re Phelps*, 154 Ariz. 516, 744 P.2d 428 (1987) (previous violations and practicing law while suspended for failure to pay annual fees warrants disbarment); *Hegstrom*, 153 Ariz. 286, 736 P.2d 370 (failure to live up to contract of employment, failure to represent criminal defendant on appeal, abandonment of clients without notice warranted disbarment); *In re Everidge*, 147 Ariz. 104, 708 P.2d 1295 (1985) (abandonment of clients without notice after demanding extra money, prior discipline, failure to disclose complaint in application for admission, warrants disbarment); *In re Salazar*, 143 Ariz. 423, 694 P.2d 253 (1985) (disrespect to superior court judge, commingling funds, failure to render accounting for two years, failure to keep client informed was appropriate basis for disbarment); *Blankenburg*, 143 Ariz. 365, 694 P.2d 195 (lack of diligence, failure to return documents, failure to take actions requested by state bar warranted disbarment); *see*

*also In re Steel*, 100 Ariz. 411, 415 P.2d 109 (1966) (failure to account for money held in trust for clients and to apply it towards intended purpose justified disbarment); *In re Russell*, 57 Ariz. 395, 114 P.2d 241 (1941) (failure to disclose facts of sale of real property under oral agency with seller and to render accounting, seeking commission on sale from purchaser, drawing and cashing check without counter-signature, failure to return machinery required disbarment).

## DISPOSITION

Respondent is disbarred. Pursuant to Rule 53(e)(3), respondent shall pay $1232.62 in costs and expenses to the State Bar of Arizona. Because respondent's debt to the Club has now been legally extinguished by action of the bankruptcy court, we cannot order restitution to the Club at this time.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.

---

was timely made, knowingly filing a verified complaint containing false allegations, refusing to dismiss an action despite instructions from his clients, failing to keep clients advised, refusing to return their file upon request, and

allowing a matter to be dismissed for lack of prosecution.

