811 P.2d 1078

**In the Matter of a Member of the State Bar of Arizona, James Cy HENRY, Respondent.**

**No. SB–90–0070–D.**

Supreme Court of Arizona, En Banc.

April 25, 1991.

James Cy Henry, pro se.

Yigael M. Cohen, State Bar Counsel, Phoenix, for State Bar of Arizona.

## OPINION

GORDON, Chief Justice.

### JURISDICTION

The Disciplinary Commission of the Supreme Court of Arizona (Commission) rec-ommended that James Cy Henry (respondent) be disbarred from the practice of law in Arizona, make restitution to two former clients, and pay $985.95 in costs to the State Bar of Arizona (Bar). We have jurisdiction pursuant to 17A A.R.S.Sup.Ct. Rules, Rule 53(e).

### FACTUAL AND PROCEDURAL HISTORY

The Bar filed a complaint against respondent on July 31, 1989, charging him with two counts of ethical violations. Count one charged respondent with failure to competently or diligently pursue a client's case and failure to respond to the Bar's inquiries. Linda Landsberry hired respondent to handle the probate of her father's estate. She paid respondent $616.13 in legal fees. Respondent did no work other than the initial filing of probate papers. He also failed to respond to reasonable requests for information from his client.

Count two charged respondent with failure to competently or diligently pursue his clients' claim. Richard and Sharon Talbott retained respondent to recover damages from DeLaurentis Productions for back rent and damage to a motor home. Respondent did no work on the case. In addition, the complaint charged he did not adequately communicate with his clients regarding the status of their case, and has not adequately safeguarded or returned their file. He also failed to respond to Bar inquiries regarding this particular complaint.

Respondent failed to appear at any stage of the proceedings before the State Bar Hearing Committee (Committee) or the Commission. He filed no responses to any of the reports or recommendations regarding his status.

During the Committee hearing, Bar counsel presented evidence that the Talbotts received a $1,700 check from DeLaurentis, which respondent persuaded them to give to him for safekeeping. Respondent then converted the funds. The Committee

amended the complaint to reflect the conversion claim.

Following the hearing, the Committee found respondent in violation of the Rules of Professional Conduct, rules 42 and 51(h) and (i), specifically ER 1.1 (competently representing a client), ER 1.3 (acting with reasonable diligence and promptness in representing a client), ER 1.4 (communicating with a client), ER 1.15(a), (b), and (c) (safekeeping a client's property), ER 1.16(d) (taking steps to protect a client's interest upon termination of representation), ER 8.1(b) (failing to respond to a lawful demand for information from a disciplinary authority), ER 8.4(b) and (c) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). The Committee recommended a one-year suspension, followed by a two-year probationary period, and restitution to the Talbotts and Ms. Landsberry.

The Commission adopted the Committee's findings of facts and conclusions of law, but rejected its recommendation of suspension and probation. By a unanimous vote, the Commission recommended that respondent be disbarred from the practice of law in Arizona. The Commission also ordered that respondent pay $616.13 in restitution to Ms. Landsberry. However, if respondent paid a filing fee and the probate matter was not dismissed, the filing fee should be deducted from the restitution. It also ordered that respondent pay restitution to Richard and Sharon Talbott in the amount of $1,700, with interest at the rate of ten percent per year from December 1, 1986. Respondent must also pay $985.95 in costs to the Bar. In recommending these sanctions, the Commission found a pattern of knowing, intentional misconduct that included acts of dishonesty. It concluded that disbarment was the proper sanction, particularly in light of respondent's previous disciplinary sanctions. (Respondent had been censured twice by Bar for lack of diligence and failure to communicate with clients).

## DISCUSSION

Although this court acts as an independent trier of fact and law when exercising its supervisory responsibilities over the Bar, we give serious deference to the reports and recommendations of the Committee and Commission. *In re Galusha,* 164 Ariz. 503, 504, 794 P.2d 136, 137 (1990) (citation omitted). We must be persuaded by clear and convincing evidence that respondent committed professional misconduct before we impose discipline. *In re Pappas,* 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988) (citation omitted). In determining appropriate discipline, we are guided by the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*Standards*). *In re Fresquez,* 162 Ariz. 328, 334, 783 P.2d 774, 780 (1989).

In this case, respondent's failure to file an answer to the Bar's complaint constitutes an admission of the charges against him. *Galusha,* 164 Ariz. at 504, 794 P.2d at 137; 17A A.R.S.Sup.Ct.Rules, Rule 53(c)(1). Additionally, after reviewing the record, we conclude that clear and convincing evidence exists to support the charges in the complaint.

The purpose of lawyer discipline is to protect the public, the administration of justice, and the integrity of the legal system. It is not to punish the respondent. *In re Nefstead,* 163 Ariz. 518, 519, 789 P.2d 385, 386 (1990) (citing *Pappas,* 159 Ariz. at 526, 768 P.2d at 1171); *see also Standards* 1.1. Among the factors we consider in determining the appropriate sanction are (1) the duty violated, (2) the lawyer's mental state, (3) the actual or potential injury caused by the lawyer's misconduct, and (4) the existence of aggravating or mitigating factors. *Nefstead,* 163 Ariz. at 520, 789 P.2d at 387 (citation omitted); *Standards* 3.0. In this case, the complaint charged respondent with violating his duty to act with diligence and competence on behalf of his clients. Duties owed to a client are among an attorney's most important ethical duties. *Galusha,* 164 Ariz. at 504, 794 P.2d at 137. *Standard* 4.41 (lack of diligence) recommends disbarment when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

The commentary to 4.41 states that disbarment is an appropriate remedy when a lawyer leaves his clients unaware that they have no legal representation or knowingly fails to perform services for the client. The findings in this case show that respondent did not perform any services for Ms. Landsberry, aside from the initial filing of probate papers, although he took payment in anticipation of performing services. In regard to the Talbotts, respondent failed to respond to their inquiries for status reports about the case and failed to safeguard or return their papers and file. Given these findings, we hold that· Standard 4.41 applies in this instance.

Further, Standard 4.11 states that disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. In re Couser, 122 Ariz. 500, 596 P.2d 26 (1979) (Misappropriation of a client's funds is an offense involving moral turpitude and warrants disbarment absent extenuating circumstances). Respondent asked the Talbotts to entrust to him a $1,700 check that DeLaurentis Productions had paid as rent owed to the Talbotts. Respondent never returned these funds. Instead, he converted the funds to his own personal use. We hold that Standard 4.11 applies in this instance.

We also consider aggravating and mitigating factors when determining discipline. In re Cardenas, 164 Ariz. 149, 152, 791 P.2d 1032, 1035 (1990). The Commission found several aggravating factors present in this case. Respondent has twice been censured for conduct involving his lack of diligence and his failure to communicate with his clients. He also has failed to cooperate with the Bar or participate in Bar proceedings in any way. Such omissions reflect a serious disregard for the disciplinary process. Finally, the Commission found that respondent possessed selfish and dishonest motives in converting his client's funds to his own use. The Commission found no mitigating factors sufficient to justify a sanction less than disbarment. We agree with the Commission's findings concerning the aggravating and mitigating factors, and find nothing in the record supporting a sanction less severe than disbarment.

## DISPOSITION

Having reviewed the record and the reports of the Committee and Commission, we order respondent disbarred thirty days from the date of the filing of this opinion. We adopt the terms and conditions of restitution recommended by the Commission and order respondent to make restitution accordingly. We also order respondent to pay $985.95 in costs to the Bar.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.