817 P.2d 1

**In the Matter of a Member of the State Bar of Arizona, Harley Patsie RANTZ, Respondent.**

No. SB–91–0035–D.

Disc. Comm. Nos. 88–1598, 88–1063, 89–0053, 88–1760, 88–1761, 89–1662 and 89–1867.

Supreme Court of Arizona, En Banc.

Sept. 5, 1991.

Harley Patsie Rantz, pro se.

State Bar of Arizona by Margaret D. White, Bar Counsel, Phoenix, for State Bar.

## OPINION

GORDON, Chief Justice.

### JURISDICTION

The Disciplinary Commission of the Supreme Court of Arizona (Commission) recommended that Harley Patsie Rantz (respondent) be disbarred from the practice of law in Arizona and pay $2,935.77 in costs to the State Bar of Arizona (Bar). We have jurisdiction pursuant to Rule 53(e), Sup.Ct. Rules, 17A A.R.S.

### FACTUAL AND PROCEDURAL HISTORY

The Bar filed its first amended complaint against respondent on April 17, 1990, charging him with nine counts of ethical misconduct. The complaint alleged various acts by respondent in his representation of seven separate clients between 1985 and 1989. These acts allegedly violated the Rule 42, Rules of Professional Conduct, Sup.Ct.Rules, 17A A.R.S., specifically ER 1.1 (competence), ER 1.2 (scope of representation), ER 1.3 (diligence), ER 1.4 (communication), ER 1.5(a) and (b) (fees), ER

1.15(b) (safekeeping property), ER 3.2 (expediting litigation), ER 3.4(c) and (d) (fairness to opposing party and counsel), ER 5.3 (responsibilities regarding nonlawyer assistants), ER 8.1 (bar admission and disciplinary matters), ER 8.4(c) and (d) (misconduct), and Rule 51(h) and (i) (failure to furnish information and cooperate with the Bar). Among other things, respondent charged unreasonable fees, failed to communicate with clients and opposing counsel, and failed to act with reasonable diligence and competence.

Respondent failed to appear at any stage of the proceedings before the State Bar Hearing Committee (Committee) or the Commission. He filed no responses to the complaint or to any of the reports or recommendations regarding his status.

The Committee deemed the allegations of the complaint admitted by respondent, and found them to be true as a matter of law. The Committee found no mitigating circumstances and several aggravating circumstances, including: (a) prior disciplinary offenses, (b) a pattern of misconduct, (c) multiple offenses, (d) bad faith obstruction of the disciplinary proceeding by failing to comply with rules or orders of the disciplinary agency, (e) vulnerability of victims, (f) substantial experience in the practice of law, and (g) indifference to making restitution. The Committee also made a special finding of harm to three clients caused by respondent's unreasonable fees and collection efforts. The Committee therefore recommended that respondent be disbarred.

The Commission affirmed the Committee's findings of fact and conclusions of law in all material respects.[1] It also affirmed the Committee's recommendation that respondent be disbarred, and recommended that he pay $2,935.77 in costs to the Bar. The Commission submitted the matter to this court for review on the record, and respondent filed no objections to the Commission's recommendation with this court.

## DISCUSSION

Although this court acts as an independent trier of fact and law when exercising its supervisory responsibilities over the Bar, we give serious deference to the reports and recommendations of the Committee and Commission. *In re Galusha*, 164 Ariz. 503, 504, 794 P.2d 136, 137 (1990). We must be persuaded by clear and convincing evidence that respondent committed professional misconduct before we impose discipline. *In re Pappas*, 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988). In determining appropriate discipline, we are guided by the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*Standards*). *In re Fresquez*, 162 Ariz. 328, 334, 783 P.2d 774, 780 (1989).

In this case, respondent's failure to file an answer to the Bar's complaint constitutes an admission of the charges against him. *Galusha*, 164 Ariz. at 504, 794 P.2d at 137; Rule 53(c)(1), Sup.Ct. Rules, 17A A.R.S. Moreover, we have reviewed the record and conclude that clear and convincing evidence exists to support the allegations in the complaint. The record also supports the aggravating factors found by the Committee and Commission.

The purpose of lawyer discipline is to protect the public, the administration of justice, and the integrity of the legal system. It is not to punish the respondent. *In re Nefstead*, 163 Ariz. 518, 519, 789 P.2d 385, 386 (1990); *see also Standards* 1.1. Among the factors we consider in determining the appropriate sanction are (1) the duty violated, (2) the lawyer's mental state, (3) the actual or potential injury caused by the lawyer's misconduct, and (4) the existence of aggravating or mitigating factors. *Nefstead*, 163 Ariz. at 520, 789 P.2d at 387; *Standards* 3.0.

Applying these factors, we believe the only appropriate sanction for respondent is disbarment. Many of the violations

---

**1.** The only change that the Commission made to the findings was to delete the words "bad faith" from aggravating factor (d) above.

in this case involve duties owed to clients, which are among an attorney's most important ethical duties. *See Galusha,* 164 Ariz. at 504, 794 P.2d at 137. The Committee and Commission made a special finding of harm to respondent's clients. Finally, the Committee and Commission found several aggravating factors and no mitigating factors. One of the aggravating factors is respondent's extensive disciplinary record. He has been reprimanded six times since 1986 for, among other things, failing to keep a client informed and failing to act with reasonable diligence. He was censured and put on probation in 1989, and was in violation of the terms of the probation at the time this action was commenced. A second aggravating factor is his failure to cooperate with the Bar or participate in Bar proceedings. This omission reflects a serious disregard for the disciplinary process and the integrity of the legal system. Other aggravating factors are respondent's pattern of misconduct, the number of offenses he has committed, the vulnerability of the victims, respondent's substantial experience in the practice of law, and his indifference to making restitution.

■ We find nothing in the record to support a sanction less severe than disbarment. The only way to protect the public, the administration of justice, and the integrity of the legal system in this matter is to disbar respondent. Moreover, respondent effectively consented to this sanction by failing to object to the Commission's recommendation. *Galusha,* 164 Ariz. at 504–05, 794 P.2d at 137–38; *see* 17A A.R.S. Sup.Ct. Rules, Rule 53(c)(5).

### DISPOSITION

Having reviewed the record and the reports of the Committee and Commission, we order respondent disbarred effective as of the date of the mandate on this matter. We also order respondent to pay $2,935.77 in costs to the Bar.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.