821 P.2d 1374

**In the Matter of a Disbarred Member of the State Bar of Arizona, James Cy HENRY, Respondent.**

No. SB–91–0046–D.

Disc. Comm. Nos. 89–1531, 89–1632 and 90–0236.

Supreme Court of Arizona, En Banc.

Jan. 7, 1992.

State Bar of Arizona by Yigael M. Cohen, Bar Counsel, Phoenix.

James C. Henry, pro se.

## OPINION

PER CURIAM.

### JURISDICTION

James Cy Henry (Respondent) was disbarred by this court from the practice of law in SB–90–0070–D, effective May 25, 1991. *See In re Henry*, 168 Ariz. 141, 811 P.2d 1078 (1991). The complaints in this matter involve conduct similar but unrelated to the ethical violations that resulted in Respondent's disbarment. The Disciplinary Commission (Commission) recommended that Respondent be disbarred for the acts complained of here and that he make restitution to injured clients and pay the costs incurred by the State Bar of Arizona. We have jurisdiction pursuant to Rule 53(e), Ariz.R.Sup.Ct., 17A A.R.S. (hereinafter Rule ___).

### FACTUAL AND PROCEDURAL HISTORY

The allegations in the current complaint continue the pattern of behavior that led to Respondent's disbarment in SB–90–0070–D. Respondent agreed to represent three separate clients in legal matters, accepted retainers from them, and then did little or nothing in pursuit of his clients' interests, causing them damage. Although he was duly served and notified of all proceedings, Respondent has not appeared or participated at any stage in this matter.

The Commission adopted the Hearing Committee's findings of fact and recommended in its report that Respondent be disbarred, ordered to make restitution, and assessed costs. Respondent was notified of those findings and recommendations and has not appealed them. Therefore, the facts and charges alleged by the complaint are deemed by this court to have been admitted by Respondent. *See* Rule 53(c)(1).

### DISCUSSION AND DISPOSITION

After reviewing the findings of the Commission, this court finds that Respondent has violated Ethical Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.16 (terminating representation), 8.1(b) (failure to respond), and Rule 51(h) (failure to furnish information) and (i) (evading service).

We therefore order Respondent disbarred from the practice of law. We also order Respondent to make restitution in accordance with the Commission's recommendations. Finally, we order Respondent to pay the costs incurred by the State Bar in prosecuting this matter.