825 P.2d 468

**In the Matter of a Member of the State Bar of Arizona, Thomas Keith ENGAN, Respondent.**

**No. SB–91–0047–D.**

Supreme Court of Arizona,
En Banc.

Feb. 13, 1992.

Thomas Keith Engan, pro se.

Alan D. Davidon, Deputy Maricopa Co. Atty., Phoenix, for State Bar of Arizona.

## OPINION

FELDMAN, Chief Justice.

The Disciplinary Commission of the Supreme Court (Commission) recommended that Thomas Keith Engan (Respondent) be disbarred and ordered to pay restitution to his clients as well as costs and expenses incurred by the State Bar of Arizona (State Bar) in this matter. Respondent did not file a notice of appeal with the Commission, so the matter was submitted to us for review on the record filed by the Commission. We have jurisdiction pursuant to Rule 53(e), Ariz.R.Sup.Ct., 17A A.R.S. (hereinafter Rule _____).

## FACTS AND PROCEDURAL HISTORY

On January 5, 1990, the State Bar filed a formal complaint with Hearing Committee 5A (Committee) against Respondent, charging him with eleven counts of violating the Arizona Rules of Professional Conduct, Rule 42 (hereinafter ER ___). The State Bar accused Respondent of numerous infractions resulting from: failure to communicate adequately with clients; failure to respond to reasonable requests for information from clients; failure to represent clients diligently and competently; failure to return or provide files to a client; failure to respond to, and disclose information requested by, the State Bar; failure to perform work for which Respondent was hired; failure to abide by clients' decisions concerning the objectives of representation; failure to remit funds to clients; and failure to appear on a client's behalf at a hearing. Specifically, the State Bar charged Respondent with violating the following rules: ER 1.1, 1.2, 1.3, 1.4, 1.5, 1.15,

1.16(d), 8.1(b), and 8.4(c) of Rule 42 and Rule 51(b), (h), and (i).

The complaint was deemed admitted when Respondent failed to file a timely response to the State Bar's complaint. *See* Rule 53(c)(1). Although Respondent was sent notice of his opportunity to be heard, he did not request a hearing within the requisite ten days.

On June 12, 1990, six days after the complaint was deemed admitted, the chair of the Committee received a document in the mail entitled "Answer and Motion to Continue Hearing" bearing Respondent's name and the caption of the complaint. Respondent neither signed nor dated the document, nor did he send it to anyone other than the chair. The Committee declined to accept the document. Respondent made no other attempt to contest or set aside the order deeming the complaint admitted. The Committee recommended that Respondent be suspended for three years.

Although Respondent did not waive his right to appear before the Commission, he in fact did not appear before it. The Commission unanimously adopted the Committee's findings of fact and conclusions of law. The Commission, however, rejected the Committee's recommendation of suspension and, instead, recommended that Respondent: (1) be disbarred; (2) pay restitution in the amount of $1,995; and (3) pay the costs incurred by the State Bar.

When Respondent failed to appeal from the Commission's report, this matter was submitted to this court on the record, pursuant to Rule 53(e).

## DISCUSSION

### A. Standard of Review

In disciplinary proceedings, this court acts as an independent "trier of both fact and law." *In re Lincoln*, 165 Ariz. 233, 235, 798 P.2d 371, 373 (1990) (quoting *In re Neville*, 147 Ariz. 106, 108, 708 P.2d 1297, 1299 (1985)). Although we give serious consideration to findings of the Committee and the Commission, "we must be persuaded by clear and convincing evidence that [R]espondent committed the alleged violations." *Lincoln*, 165 Ariz. at 235, 798 P.2d at 373 (citing Rule 54(c)). Further, we bear the ultimate responsibility for determining the appropriate sanction. *Lincoln*, 165 Ariz. at 235–36, 798 P.2d at 373–74 (citing *Neville*, 147 Ariz. at 115, 708 P.2d at 1306); *see* Rule 53(e)(1).

### B. Respondent's Violations

The allegations in the State Bar's complaint were deemed admitted by Respondent's failure to answer. Rule 53(c)(1); *In re Zang*, 158 Ariz. 251, 252, 762 P.2d 538, 539 (1988) (applying Rule 53(c)(1)). Given these admissions, the record establishes that Respondent repeatedly violated a wide variety of ethical obligations. For example, Respondent violated his ethical duties of communication and diligence to seven separate clients since 1987. In addition to several counts of violating his duty of competence and failing to return clients' funds, Respondent failed to appear at a client's hearing and even refused to give permission to Child Support Services to assist that client.

Moreover, Respondent's failure to cooperate with the State Bar's investigation of his conduct also violated the disciplinary rules. *See, e.g., In re MacAskill*, 163 Ariz. 354, 788 P.2d 87 (1990). Respondent failed to respond to any of nineteen separate letters from the State Bar requesting information concerning the representation of six different clients. Respondent also failed to respond in a timely manner to State Bar allegations concerning representation of the seventh client.

Respondent has blatantly disregarded his clients' interests in seven separate matters. Respondent also has virtually ignored the State Bar's attempts to investigate these matters. Therefore, we find by clear and convincing evidence that Respondent committed the violations alleged by the State Bar in the complaint, found by the Committee, and adopted by the Commission.

### C. Sanctions

Recommendations of the Committee are entitled to serious consideration, *In re Pappas*, 159 Ariz. 516, 518, 768 P.2d 1161, 1163

(1988) (citing *Neville*, 147 Ariz. at 108, 708 P.2d at 1299), and we give them "great weight," *Lincoln*, 165 Ariz. at 235, 798 P.2d at 373 (citing *Neville*, 147 Ariz. at 115, 708 P.2d at 1306).

In determining the appropriate sanction, we must remember that "the purpose of bar discipline is not to punish the lawyer but to deter others and protect the public." *In re Kersting*, 151 Ariz. 171, 179, 726 P.2d 587, 595 (1986) (citing *In re Swartz*, 141 Ariz. 266, 277, 686 P.2d 1236, 1247 (1984)). The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (ABA *Standards*) aids our deliberations, especially where the Commission disagrees with the Committee's recommendation. *In re Arrick*, 161 Ariz. 16, 22, 775 P.2d 1080, 1086 (1989).

Respondent's failure to pursue matters diligently on behalf of clients, perform services for which he was retained, and appear on his client's behalf at a hearing resulted in injury to four clients. The ABA *Standards* recommend disbarment "when a lawyer's course of conduct demonstrates that the lawyer does not understand the most fundamental legal doctrines or procedures, and the lawyer's conduct causes injury or potential injury to a client." ABA *Standards* 33, Standard 4.51.

The ABA *Standards* also state that disbarment is appropriate when a lawyer "knowingly fails to perform services for a client and causes serious or potentially serious injury to a client" or "engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client." *Id.* at 27, Standard 4.41. Seven of the complaint's eleven counts describe Respondent's failure to perform services for clients, all of whom were injured by his actions or inaction. The record establishes a clear pattern of neglect by Respondent.

Having established misconduct and reviewed the appropriate sanctions, we must weigh aggravating and mitigating factors to determine whether they should affect the recommended sanction. *See id.* at 49, Standard 9.1. The ABA *Standards* list ten factors that may be considered in aggravation, including prior disciplinary offenses, a pattern of misconduct, and bad faith obstruction of the disciplinary proceedings. *Id.*, Standard 9.22. Most are present in this case. The eleven-count complaint describes similar acts of negligence by Respondent in dealing with seven different clients, evidencing multiple offenses and a pattern of misconduct. Further, Respondent has clearly exhibited bad faith obstruction of the disciplinary proceedings by intentionally failing to cooperate with the State Bar. Also, Respondent was informally reprimanded in August of 1988.

Respondent has not demonstrated, nor does the record indicate, that any mitigating factors exist.

Finally, disbarring Respondent is consistent with what we have imposed in comparable cases. *See, e.g., In re Nefstead*, 163 Ariz. 518, 789 P.2d 385 (1990) (disbarring an attorney for numerous ethical violations, including failing to keep his client reasonably informed, failing to surrender papers and property to his client, and previous sanctions); *In re Hegstrom*, 153 Ariz. 286, 736 P.2d 370 (1987) (disbarring an attorney for failing to fulfill his contract of employment and abandoning his clients without notice); *In re Everidge*, 147 Ariz. 104, 708 P.2d 1295 (1985) (disbarring an attorney for abandoning his clients without notice and for previous sanctions). *In re MacAskill*, 163 Ariz. 354, 788 P.2d 87 (1990), involved the disbarment of a lawyer with numerous vulnerable clients who suffered financial losses. As with Respondent, MacAskill failed to disclose information to his clients, failed to diligently represent his clients, failed to adequately communicate with his clients, exhibited a pattern of misconduct, and refused to cooperate with the State Bar.

Considering the gravity of Respondent's conduct, the ABA *Standards*, the numerous aggravating factors involved, and the absence of mitigating factors, this court agrees with the Commission that disbarment is a more appropriate sanction than suspension. Suspending Respondent would not be commensurate with the violations, would not adequately protect the

public, and would not deter similar conduct by other lawyers. *See Kersting*, 151 Ariz. at 179, 726 P.2d at 595. Therefore, we approve and adopt the Commission's findings and recommendations.

## DISPOSITION

Respondent is disbarred. We order Respondent to pay restitution totaling $1,955 to the victims of his misconduct, as ordered by the Commission. In addition, Respondent shall pay $1,940.35 in costs and expenses to the State Bar of Arizona pursuant to Rule 53(e)(3).

MOELLER, V.C.J., and CORCORAN and CAMERON (retired), JJ., concur.

Justice FRANK X. GORDON, Jr. participated in the determination of this matter but retired prior to the filing of this opinion.