516

744 P.2d 428

**In the Matter of a Member of the State Bar of Arizona**

Jack Laurence PHELPS, Respondent.

No. SB–87–0020–D.

Supreme Court of Arizona.

Oct. 8, 1987.

Jack Laurence Phelps, Cave Creek, in pro. per.

C. Kenneth Ray, II, Phoenix, for State Bar.

FELDMAN, Vice Chief Justice.

The Disciplinary Commission of the State Bar of Arizona (Commission) has filed a report recommending that Jack Laurence Phelps (respondent) be disbarred. The report and recommendations of the Commission have come before us for final review and approval. *See* Rule 53(e), Ariz.R.S.Ct., 17A A.R.S. (1986).[1] We are an independent trier of fact and law in bar disciplinary matters. *In re Neville*, 147 Ariz. 106, 108, 708 P.2d 1297, 1299 (1985). We must be convinced of the truth of the bar's allegations by clear and convincing evidence—evidence which is "highly probable." *Id.* at 111, 708 P.2d at 1302.

On May 29, 1985, respondent was suspended from practice in this state for failure to pay his annual membership fees. *See* Rule 31(c)(9). The hearing committee of the state bar found that while under suspension, respondent appeared in open court on behalf of a client in Maricopa County Cause No. DR–213980 and that he later filed pleadings on behalf of a client. In addition, the committee noted that in November 1986 respondent had been suspended by this court for unprofessional conduct in connection with a separate disciplinary matter. *See In re Phelps*, No. SB–86–0012–D.

The hearing committee concluded that respondent had violated Rules 31(a)(3) and 42 by engaging in the practice of law while under suspension. The Commission approved and accepted the findings and conclusions. We agree.

The Commission found that in view of the previous violations committed by respondent, the recommendation of disbarment was appropriate. In addition, the respondent, although personally served with a copy of the notice of hearing, failed to appear at the hearing before the Commission and has failed to file objections in this court.

We therefore order the respondent, Jack Laurence Phelps, disbarred *nunc pro tunc* to September 15, 1987, the date of the previous order submitting this case for opinion. Pursuant to rule 53(e)(3), respondent is ordered to pay the State Bar of Arizona the sum of $1,129.85 to reimburse costs and expenses incurred by it in prosecuting this action.

GORDON, C.J., and CAMERON and HOLOHAN, JJ., concur.

1. Rules of the Supreme Court will hereafter be referred to as "Rule _____."

MOELLER, J., recused himself and did not participate in the determination of this matter.