883 P.2d 1046

**In the Matter of a Suspended Member of the State Bar of Arizona, Timothy E. TAYLOR, Bar No. 013430, Respondent.**

**No. SB–94–0075–D.**

**Comm. Nos. 92–1966, 93–0790 and 93–1918.**

Supreme Court of Arizona.

Nov. 3, 1994.

Kenneth J. Sherk, Phoenix, for respondent.

Nancy A. Greenlee, Bar Counsel, Phoenix.

Harriet L. Turney, Chief Bar Counsel, for the State Bar of Arizona.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **TIMOTHY E. TAYLOR,** a suspended member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of three years for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that Respondent shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **TIMOTHY E. TAYLOR** shall pay the costs of these proceedings in the amount of $643.25, together with interest at the legal rate from the date of this judgment.

### EXHIBIT A

### BEFORE THE DISCIPLINARY COMMISSION

### OF THE

### SUPREME COURT OF ARIZONA

In the Matter of Timothy Edwin Taylor, Attorney No. 013430, a Suspended Member of the State Bar of Arizona, Respondent.

Comm. Nos. 92–1966, 93–0790, 93–1918

SB–94–0075–D.

*DISCIPLINARY COMMISSION REPORT*

Filed Aug. 25, 1994.

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on July 9, 1994, on an agreement for discipline by consent, pursuant to Rule 56(a), Ariz.R.S.Ct. The agreement, providing for suspension, was tendered prior to the issuance of a formal complaint, and was reviewed by the Commission without referral to a hearing committee or officer, pursuant to Rule 53(b).[1]

### Decision

After review of the record in this matter, a concurrence of the eight members of the Commission considering the matter[2] recommends acceptance of the agreement for discipline by consent providing that the respondent, Timothy Edwin Taylor ("Taylor"), be suspended for a period of three years. The Commission also unanimously adopts the tender of admissions and agreement for discipline by consent and the joint memorandum in support of agreement for discipline by consent as its findings of fact and conclusions of law.

### Facts

Taylor was admitted to the State Bar of Arizona in October 1990. He was suspended for non-payment of State Bar dues from April 1991 to January 1992. He was suspended again from November 1992 to May 1993 for failure to comply with the mandatory continuing legal education ("MCLE") requirements.

In the first matter, Taylor filed suit against the defendant on behalf of two clients ("Client A") on December 6, 1991, claiming over $11,000 together with interest and attorneys' fees. On January 31, 1992, one day after Taylor filed an affidavit of the defendant's default, the defendant filed an answer *pro per.* Although Taylor obtained Client A's signature on an affidavit Taylor had pre-

1. Rule 56(a) provides that a respondent may tender a conditional admission of a charge in exchange for a stated form of discipline other than disbarment. Rule 53(b) further provides that when an agreement for discipline is filed prior to the issuance of a formal complaint, it shall be submitted directly to the Commission for review.

2. Commissioner Malm did not participate in these proceedings.

pared in support of summary judgment in April 1992, he never filed the affidavit. In addition, Client A had continuous trouble contacting Taylor and, when they were able to do so, were dissatisfied with his progress on their case. Taylor eventually moved to Michigan, and Client A allowed Taylor's former law firm to withdraw from their representation.[3]

. . . . .

Client A subsequently filed a complaint against Taylor with the State Bar. The State Bar sent letters to Taylor concerning this matter in November and December of 1992, and in January 1993; Taylor, however, did not respond to the State Bar until May 1993.

The second and third matters addressed in the agreement for discipline describe Taylor's representation of two additional clients during the period of September 1992 to May 1993, while he was suspended for failure to comply with the MCLE requirements.

Taylor is currently residing in the state of Michigan, and is not practicing law.

Taylor and the State Bar conditionally agree that Taylor's conduct violated ER 1.3, ER 1.4, ER 5.5, and Supreme Court Rule 51(h) and (i).

### *Discussion of Decision*

The Commission agrees that Taylor failed to act with diligence, failed to maintain adequate communication, and failed to respond to the State Bar inquiries in the first matter. In addition, Taylor practiced law while suspended in all three matters.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions*. This is the guideline used by the Supreme Court. *In re Rivkind*, 164 Ariz. 154, 791 P.2d 1037, 1040 (1990).

Taylor's failure to pursue Client A's case diligently and to maintain adequate commu-

nication is addressed by Standard 4.4, which concerns lack of diligence. Standard 4.44 provides for admonition (informal reprimand in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client. Were Taylor's lack of diligence and failure to communicate in connection with Client A the sole issue, an informal reprimand would probably be adequate.

By far, however, the more egregious conduct exhibited by Taylor was that of practicing law while suspended. Taylor did this not just once, but three times, during two separate suspensions. Practicing law while suspended is a violation of one of the duties a lawyer owes as a professional. Standard 7.0 addresses such violations.

Standard 7.2 provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system. Taylor clearly admitted in his deposition, taken by the State Bar during the screening process of this matter, that he was aware of his suspensions and knew that he should not be practicing during those periods. Whether Taylor's clients were actually injured or not is unclear from the record; however, the potential for injury resulting from such conduct is clear.

The Standards also provide for the consideration of aggravating and mitigating circumstances in determining the appropriate sanction. In this instance, they are fairly well-balanced. In aggravation, as listed in Standard 9.22, is a pattern of misconduct. In mitigation, listed in Standard 9.32, is Taylor's inexperience in the practice of law, and the absence of a prior disciplinary record.

As the Theoretical Framework to the Standards indicates, the "ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations; it might well be and generally should be greater than the sanction for the most serious

---

3. At the time of the filing of the agreement for discipline by consent, Client A and Taylor's former law firm were engaged in fee arbitration before the State Bar concerning the more than $500 in fees and costs charged to Client A.

misconduct." [4]  With this in mind, the Commission believes a suspension is appropriate for the misconduct at hand.

The Commission also reviewed prior decisions of the Court in determining the sanction warranted.  Although numerous other disciplinary cases involving the unauthorized practice of law have resulted in disbarment, the Commission believes a review of some of those cases indicates suspension is appropriate here.  In *In re MacAskill*, 163 Ariz. 354, 788 P.2d 87 (1990), the respondent was disbarred for, among other things, practicing while suspended for non-payment of dues. In addition, however, Respondent MacAskill engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; committed numerous ethical violations during his representation of five separate clients; failed to cooperate with the State Bar in all five matters; and moved and left no forwarding address before the matter was considered by the Court.  As indicated in the memorandum in support of the agreement for discipline by consent, MacAskill's unauthorized practice of law "was a continuation of a widespread pattern of misconduct and multiple offenses." [5]

*In re Phelps*, 154 Ariz. 516, 744 P.2d 428 (1987), is another case where the respondent was disbarred for practicing law while suspended for failure to pay State Bar dues. While *Phelps* involved the respondent's representation of only one client while suspended, the Court found that disbarment was warranted in that matter specifically because the respondent had been suspended one year earlier for unprofessional conduct in connection with a separate disciplinary matter.

In the instant matter, Taylor's additional misconduct was much less severe than that of MacAskill, and he has no prior disciplinary record.  Disbarment here would be disproportionately harsh.

While the Commission acknowledges that practicing law while suspended for any reason is serious misconduct, it is not convinced that a three-year suspension is not exceedingly harsh, as well.  However, in light of the agreement wherein both Taylor and the State Bar agree to such a lengthy suspension, the Commission defers to their wishes, and so recommends..

/s/ Steven L. Bossé
STEVEN L. BOSSÉ,
Chairman
Disciplinary Commission

4. Theoretical Framework, p. 6.

5. Joint Memorandum in Support of Agreement for Discipline by Consent, p. 4.